# EXHIBIT I

# LONDON COURT OF INTERNATIONAL ARBITRATION
## LCIA Case No. 142732

AND

IN THE MATTER OF AN ARBITRATION:

B E T W E E N:

        **(1) Republic of Djibouti**
   **(2) Djibouti Ports and Free Zone Authority**
        **(3) Port de Djibouti SA**

                            **Claimants**

v.

        **(1) DP World Djibouti FZCO**
     **(2) Dubai (International) Djibouti FZE**
        **(3) Doraleh Container Terminal SA**

                            **Respondents**

---

## DECISION WITH REASONS ON APPLICATION FOR A STAY OF THE ARBITRATION PROCEEDINGS BY Mme CHANTAL TADORAL

---

Tribunal:

Peter Leaver QC
Lord Hoffmann
Sir Richard Aikens (chairman)

1

1. On 19 November 2018 the Tribunal received an email from Mme Chantal Tadoral of Tadoral Consulting requesting that the Tribunal stay the present arbitration proceedings. Mme Tadoral explained that she had been appointed as the Provisional Administrator of Doraleh Container Terminal SA ("DCT") by order of the President of the Djibouti District Court dated 27 September 2018 following an application filed by the Government of Djibouti. That decision had been challenged by DP World Djibouti FZCO ("DPWD") but was reaffirmed by a decision of the President of the Djibouti District Court by an order of 15 November 2018. The Respondents in the current arbitration do not accept that Mme Tadoral has been validly appointed as Provisional Administrator of DCT.

2. Following Mme Tadoral's request, the Tribunal invited Quinn Emanuel Urquhart & Sullivan UK LLP ("QE"), who are on the record of this arbitration as the lawyers acting for the Respondents, to comment on Mme Tadoral's application, . QE did so in a letter dated 26 November 2018. Mme Tadoral responded in a further letter dated 1 December 2018 and QE sent a further letter to the Tribunal dated 4 December 2018.

3. Following the Tribunal's consideration of these submissions, it sent an email to the parties dated 17 December in which it invited the parties (including Mme Tadoral) to make further submissions on three particular questions on which the Tribunal wanted further assistance. The three questions were: (1) Is there any challenge under Djibouti law to the Provisional Administrator's claim that she has replaced the Board of DCT? (2) If not, whether there is any ground upon which the Tribunal could refuse to apply Djibouti law as to the validity of the appointment of the Provisonal Administrator and her powers to act as such? (3) In view of the nature of the counterclaims for debt and damages, is it relevant that there are two other counter-claimants, in addition to DCT, and if so why?

4. The Tribunal received responses from Mme Tadoral's counsel, Cabinet Avocats & Associes AH et MR in a letter dated 21 December 2018 and a response from QE in a letter dated 24 December 2018.

5. The Tribunal is very grateful to the parties and Mme Tadoral for the assistance given in these responses.

6. This arbitration is being conducted under the rules of the LCIA and the United Kingdom Arbitration Act 1996. It has reached the stage in which the hearing relating to counterclaims of the Respondents had been heard on 9 November 2018. Although the Claimants and their lawyers were aware of that hearing date, they made no appearance at that hearing. Nor, prior to the hearing, had they make any written submissions on either the merits or on whether the proceedings should go ahead. The first suggestion that the arbitration should be stayed was made in an email from Cabinet Ghaleb, lawyers acting for the state of Djibouti, to Mme Tadoral on 14 November 2018.

7. Under the LCIA rules, in particular Rules 14 and 23 and under the terms of the Arbitration Act, particularly Sections 33 and 34, the Tribunal has the power to decide on procedural matters relating to the conduct of the arbitration. In particular, it has a power to decide whether or not to stay existing proceedings if it thinks it just to do so.

8. It is clear from all the submissions that we have considered carefully that there is a major dispute between the parties as to the validity of the appointment of Mme Tadoral as Provisional Administrator of DCT. That dispute is continuing. The Tribunal accepts that there are powerful points to be made on both sides. This Tribunal has not been invited to decide on the question of the validity of Mme Tadoral's appointment and it does not do so. However, in all the circumstances, particularly given the facts that (a) this arbitration had proceeded, without challenge from the Claimants or Mme Tadoral, to the stage of a hearing of the Respondents' counterclaims, and (b) no further participation by either side is required and all that remains is for the Tribunal to deliver its award, the Tribunal has decided that it should NOT stay the proceedings now.

THEREFORE HAVING CAREFULLY READ AND CONSIDERED ALL THE WRITTEN SUBMISSIONS OF THE PARTIES AND Mme TADORAL THE TRIBUNAL **DECIDES THAT THE APPLICATION FOR A STAY OF THE ARBITRATION PROCEEDINGS BE REJECTED.**

The seat of this arbitration is London, United Kingdom.

Dated 3 January 2019.

Peter Leaver QC

Lord Hoffmann

Sir Richard Aikens (chairman)

4