**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DORALEH CONTAINER TERMINAL SA,

*Petitioner*,

v.

REPUBLIC OF DJIBOUTI,

*Respondent*.

Case No. 1:20-cv-02571-TFH

**THE REPUBLIC OF DJIBOUTI'S OPPOSITION
TO PETITIONER'S NOTICE AND LETTER OF JANUARY 24, 2022,
AND MOTION TO COMPEL LIMITED DISCOVERY**

In its Notice and Letter to the Court dated January 24, 2022, Petitioner Doraleh Container Terminal SA ("DCT") asserts that its Petition should be treated as "conceded" and "unopposed," and thus is "ripe for resolution." Dkt. No. 30-1 ("Pet'r Ltr."), at 2–3. DCT is wrong. Respondent, the Republic of Djibouti (the "Republic"), timely answered the Petition and stated affirmative defenses. It did so consistent with the parties' *stipulation* that the Republic would "answer or otherwise respond" to the Petition. DCT's contention that Respondent improperly filed such an answer is meritless.

What is more, the Republic is seeking limited discovery from DCT on a narrow, but potentially dispositive, issue: Do those purporting to act on DCT's behalf in this action have the standing, authority, and legal capacity to do so? DCT, through counsel who have appeared on its behalf, has refused to provide any discovery on that issue unless this Court orders it to do so.

Respondent respectfully asks the Court to compel that discovery. In the attached declaration, DCT's own provisional administrator—who, by Djiboutian-court appointment, has

1

sole management authority over DCT—explains that DCT has not authorized the counsel purporting to act on its behalf in this action.  Petitioner's responses to Respondent's targeted discovery requests are therefore highly relevant and necessary to developing a full record on this likely ground for denying the Petition.

### A.     Respondent Properly And Timely Answered The Petition

Petitioner argues that Respondent was required to respond to the Petition with a memorandum of points and authorities, and that Respondent's answer was "an improper response."  Pet'r Ltr. at 1.  That is wrong.  Last October, the parties ***agreed and stipulated*** that Respondent would "*answer* or otherwise respond to the Petition" on or before November 22, 2021.  Dkt. No. 26, at 3 (emphasis added).  The Court entered that stipulation.  Dkt. No. 27.  And Respondent filed a timely answer.

Petitioner's Notice and Letter fail to mention that Petitioner stipulated to Respondent's filing of an answer.  But Petitioner does acknowledge that confirmation proceedings sometimes do proceed other than by mere petition, opposing brief, and reply.  As Petitioner explains, "discovery and trial" are "sometimes available" to resolve disputes of material fact bearing on a confirmation petition.  Pet'r Ltr. 1 n.1 (quoting *Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576, 586 (D.C. Cir. 2020)).  And respondents in similar proceedings have filed answers to petitions seeking to confirm arbitration awards, just like Respondent did here.  *See, e.g.*, Respondent's Verified Answer to Petition to Confirm Arbitral Award, *Commissions Import Export S.A. v. Republic of the Congo*, No. 1:13-cv-00713-RJL, ECF No. 24 (D.D.C. Sept. 24, 2014); Answer and Affirmative Defenses, *Calbex Mineral Ltd. v. ACC Res. Co.*, No. 2:13-cv-00276, ECF No. 6 (W.D. Pa. Mar. 27, 2013).

Accordingly, Respondent's timely answer was authorized and appropriate.  But even if it were not, Local Rule 7(b) would not, as Petitioner mistakenly asserts (Pet'r Ltr. 2), justify treating

that procedural misstep as having *conceded* the Petition. "Local Rule 7(b) is a docket-management tool that facilitates efficient and effective resolution of motions by requiring the prompt joining of issues"—it is not "a tool to subvert" inquiry into "the legal sufficiency" of the Petition. *Washington All. of Tech. Workers v. United States DHS*, 892 F.3d 332, 345 (D.C. Cir. 2018) (internal quotation marks omitted) (addressing Local Rule 7(b) in the Rule 12(b)(6) context). Petitioner may not spring Local Rule 7(b) as a trap for the unwary, and by doing so undermine "the clear preference of the Federal Rules to resolve disputes on their merits." *Id.* (quoting *Cohen v. Bd. of Trs. of the Univ. of D.C.*, 819 F.3d 476, 482 (D.C. Cir. 2016)).[1]

## B. The Court Should Compel DCT To Provide Discovery Concerning The Authority Of The Entities And Counsel Directing This Action

The Petition is not ripe for resolution for an additional, independent reason: Petitioner has categorically refused to respond to Respondent's narrow discovery requests for information about the basis on which DCT's counsel, and whoever is directing its actions, claim to have the standing, authority, and capacity to pursue this action on DCT's behalf. That (likely dispositive) issue merits the limited discovery that Respondent seeks, and Petitioner's complete refusal to provide any information in response to Respondent's requests is baseless and prejudicial.

1. Petitioner DCT is majority-controlled by the Republic, and minority-owned by DP World Djibouti FZCO ("DP World"). *See* Pet. ¶ 1 (Dkt. No. 1); Ans. ¶ 1 (Dkt. No. 28).[2] Historically, DP World had certain management and governance rights over DCT, despite its

---

[1] If this Court were to agree with DCT that the Republic must file a brief in opposition to the Petition at this time, then the Republic respectfully requests a reasonable amount of time to prepare and file such a brief.

[2] The Republic succeeded to the ownership shares in DCT formerly held by Djibouti's port company, Port de Djibouti SA ("PDSA"), by a presidential ordinance transferring those shares. Disputes related to that transfer led to a separate arbitration proceeding that does not implicate the issues presented here.

minority ownership.  *See* Pet. ¶ 1.  More recently, however, relations between Petitioner's majority and minority owners disintegrated, and the existing governance structure became untenable.  A Djiboutian court responded by appointing an outside, provisional administrator to manage and operate DCT in accordance with Djiboutian law.

DCT's provisional administrator, Ms. Chantal Tadoral, explains in her attached declaration that she was appointed at the Republic's request by the President of the Djibouti District Court in September 2018 because of "a serious conflict" between the Republic and DP World.  *See* Ex. A, Decl. of Chantal Tadoral ¶ 3.  DP World challenged Ms. Tadoral's appointment, but Djiboutian courts confirmed that appointment.  *Id.*  DP World has filed another, still-pending legal challenge to Ms. Tadoral's appointment.  *Id.*

In the meantime, DCT's provisional administrator is "fully *and exclusively* authorized to direct DCT's affairs."  *Id.* ¶ 4 (emphasis added).  Ms. Tadoral has "replaced the [former] managing corporate bodies of DCT," and since 2018 has been "excercis[ing] the former authority of DCT's board of directors."  *Id.*

Ms. Tadoral confirms that, as DCT's provisional administrator, she neither authorized the Petition to be filed on DCT's behalf nor authorized Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel") to appear as DCT's counsel in this or any other proceeding.  *See id.* ¶ 5.  As Ms. Tadoral explains, "Quinn Emanuel filed [the Petition] without [her] knowledge or consent," and that she has "authorized neither Quinn Emanuel nor any other firm to advise or represent DCT in these proceedings."  *Id.*  Any previous marching orders to Quinn Emanuel from DCT's former board of directors, on anyone else acting on DCT's behalf, is no longer valid (and, in any event, did not cover this proceeding).  *Id.*

2.  The Republic's Answer (at 1) denies "that the Petition was submitted by DCT and through representatives who have the authority and capacity to act on its behalf."  It also states

three affirmative defenses premised on the provisional administrator's sole authority to govern, manage, and operate DCT. *See id.* at 8–10.

On December 10, 2021, two weeks after the Republic filed its Answer and Affirmative Defenses, it served narrow document requests and interrogatories on DCT limited to this important issue of DCT's and counsel's authority to pursue this action. Each request aims to learn what entity directed Quinn Emanuel to file the Petition on behalf of DCT, and the standing, authority, and capacity of that entity and counsel to prosecute this action in DCT's name. *See* Ex. B (document requests), Ex. C (interrogatories).

On January 10, 2022, after a meet and confer between the parties, DCT (through Quinn Emanuel) refused to provide any discovery—asserting that the Republic's requests were "premature" and "improper." Pet'r Ltr. 1 n.1. It asserted a string of boilerplate objections to every request, and refused any further discussion of discovery until "after the Court has ruled on the Petition or otherwise order[ed] that discovery may be taken." Ex. D at 7 (DCT's response to first set of document requests); *see also* Ex. E (DCT's response to first set of interrogatories).

For starters, DCT's objection that discovery is "premature" until after the Court *has already decided* the Petition is frivolous. The Republic's discovery requests focus on whether the Petition is even properly before this Court—or rather is subject to dismissal because those who filed it lacked the standing, authority, and capacity to do so. To state the obvious, discovery into that issue cannot wait until *after* the Court has already ruled on the Petition.

Nor are the Republic's requests for this highly relevant discovery the least bit "improper." Pet'r Ltr. at 1 n.1. Indeed, DCT recognizes that discovery is, in fact, "sometimes available" in proceedings like this one. *Id.* (quoting *Process & Indus. Devs. Ltd.*, 962 F.3d at 586). And the

dockets of other confirmation proceeding reveal active party discovery.[3]  An oft-quoted standard from the Southern District of New York holds that discovery in a "post-arbitration judicial proceeding to confirm" an arbitration award is available whenever "relevant and necessary to the determination of an issue raised by" the petition.  *Frere v. Orthofix*, Inc., No. 99-cv-4049, 2000 WL 1789641, at *4 (S.D.N.Y. Dec. 6, 2000); *see also Glob. Gaming Phillipines, LLC v. Razon*, No. 21-cv-02655-LGS-SN, 2021 WL 4219690, at *2 (S.D.N.Y. Sept. 16, 2021); *Empresa Constructora Contex Limitada v. Iseki, Inc.*, 106 F. Supp. 2d 1020, 1024 (S.D. Cal. 2000).  And discovery is especially appropriate when it is "keyed to the specific issues raised by the party challenging the award," and "those issues implicate factual questions that cannot be reliably resolved without some further disclosure."  *Frere*, 2000 WL 1789641, at *5.

That is exactly what we have here.  This action presents a dispositive issue about whether Petitioner and its counsel lack authority to bring the Petition.  The Republic's discovery requests are narrowly tailored around, and "keyed to," that issue.  The Republic seeks information resting in Petitioner's custody or control.  And so DCT's accusation (Pet'r Ltr. 2) that these requests present nothing but a "delay" tactic is baseless.  Rather, DCT's disclosures on the issue would, when the time comes, help the Court resolve it.

Counsel for DCT's letter to the Court merely hints at this discovery dispute in a footnote *See* Pet'r Ltr. 1 n.1.  Elsewhere, that letter briefly contends that the Republic's lack-of-authority

---

[3] *See, e.g.*, *Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petroleum Corp.*, 397 F. Supp. 3d 323, 356–57 (S.D.N.Y. 2019) (referencing jurisdictional discovery in proceeding to confirm foreign arbitral award); *Sequip Participacoes S.A. v. Marinho*, No. 15-23737-MC, 2018 WL 10593629, at *2 (S.D. Fla. Nov. 19, 2018), amended, No. 15-23737-MC, 2019 WL 8301064 (S.D. Fla. Feb. 26, 2019) (granting motion for jurisdictional discovery); *Calbex Min. Ltd. v. ACC Res. Co., L.P.*, 90 F. Supp. 3d 442, 467 (W.D. Pa. 2015) (referencing fact discovery period); *Matter of Arb. Between Trans Chem. Ltd. & China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 272 (S.D. Tex. 1997), *aff'd sub nom. Trans Chem. Ltd. v. China Nat'l Mach. Imp. & Exp. Corp.*, 161 F.3d 314 (5th Cir. 1998) (granting discovery).

challenge to the Petition will "fail because Quinn Emanuel is entitled to the presumption that it has the proper authority to act on behalf of DCT in this proceeding." *Id.* at 3. Even if such a presumption exists, however, it would be rebuttable and no reason to deny the Republic discovery on the issue. And, in any event, Ms. Tadoral's declaration that Quinn Emanuel has *no right* to pursue this proceeding on DCT's behalf rebuts—beyond any doubt—that supposed presumption, shifting the evidentiary burden onto those purporting to act for DCT.

## CONCLUSION

The Court should reject Petitioner's invitation to immediately—and prematurely—resolve the Petition on its merits. Rather, it should compel Petitioner's compliance with the Republic's discovery requests and order the parties to meet and confer[4] on a briefing schedule for dispositive motions once discovery has been completed.

Dated: February 3, 2022                    Respectfully submitted,

                                           */s/ Matthew M. Madden*
                                           Matthew M. Madden (D.C. Bar No. 991139)
                                           Jason A. Shaffer (D.C. Bar No. 888314607)
                                           Robbins, Russell, Englert, Orseck &
                                               Untereiner LLP
                                           2000 K Street NW, 4th Floor
                                           Washington, D.C. 20006
                                           (202) 775-4500
                                           mmadden@robbinsrussell.com

                                           *Counsel for Respondent the Republic of Djibouti*

---

[4] On January 5, 2022, the Republic's counsel met and conferred with counsel appearing for DCT about the discovery requests. DCT's objections to the requests, made after that discussion, state that counsel "is willing to meet and confer with Respondent" on those requests only "after the Court has ruled on the Petition or otherwise order[ed] that discovery may be taken." Ex. D at 7; Ex. E at 7. On February 3, 2022, the Republic's counsel confirmed that counsel appearing for DCT opposes this motion to compel.

## CERTIFICATE OF SERVICE

On this 3rd day of February, 2022, I directed this document to be electronically filed with

the Clerk of the Court for the United States District Court for the District of Columbia by using

the Court's CM/ECF system, which will send notification of this filing to all counsel of record.

Respectfully submitted,

*/s/ Matthew M. Madden*
Matthew M. Madden (D.C. Bar No. 991139)
Robbins, Russell, Englert, Orseck &
    Untereiner LLP
2000 K Street NW, 4th Floor
Washington, D.C. 20006
(202) 775-4500
mmadden@robbinsrussell.com

*Counsel for Respondent the Republic of Djibouti*