# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DORALEH CONTAINER TERMINAL SA,

*Petitioner*,

v.

REPUBLIC OF DJIBOUTI,

*Respondent*.

Case No. 1:20-cv-02571-TFH

**PETITIONER'S OBJECTIONS AND RESPONSES TO RESPONDENT'S FIRST SET**
**OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PETITIONER (NOS. 1-5)**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Petitioner Doraleh

Container Terminal SA ("**DCT**") objects and responds as follows to the First Set of Requests for

Production (Nos. 1-5) served by Respondent Republic of Djibouti ("**Djibouti**").

The responses herein reflect only the present state of DCT's knowledge, information, and

belief regarding the Requests.  Petitioner reserves the right to add, modify, or otherwise change or

amend its objections and/or responses.  Petitioner reserves all objections and other questions as to

the competency, relevance, materiality, privilege, or admissibility of Petitioner's responses and

any document or thing identified or provided in response to Respondent's First Set of Requests for

Production in any proceeding or trial in the above-captioned action (the "**Action**") or any other

action for any purpose whatsoever.

Petitioner's objections and responses, as well as the provision of information or production

of documents in response to any Request for Production, are not an admission or indication that

such information and documents are relevant to any legal theory, or that any of the legal terms

used have any applicability in their legal sense to any information or documents produced by

Petitioner in response to the Requests for Production.

Any response that indicates that Petitioner will provide information or produce documents should not be construed to mean that responsive information or documents in fact exist; only that, if such relevant, non-privileged, non-objectionable information or documents exist, are in Petitioner's possession, custody, or control, and are located after a reasonable search of the location or locations where responsive information or documents are likely to be located, such information or documents will be produced in a timely manner.

## GENERAL OBJECTIONS

Petitioner makes the following general objections to Respondent's First Set of Requests for Production, which apply to each Request for Production regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1.      Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent they are inconsistent with or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, the Court's Standing Orders, any other applicable rule or regulation, or any agreement or stipulation between Petitioner and Respondent.

2.      Petitioner objects to Petitioner's First Set of Requests for Production on the basis that discovery is premature before the Court rules on DCT's pending petition to confirm arbitration awards (the "**Petition**") or otherwise orders that discovery is permitted in this proceeding.

3.      Petitioner objects to Petitioner's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent that they are vague, ambiguous, overly broad, unduly burdensome, incomprehensible, compound, duplicative, cumulative, fail to identify the information sought with reasonable particularity, call for speculation, or seek

information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, as overly broad, unduly burdensome, cumulative, and duplicative to the extent that they seek "any," "each," "every," or "all" information and/or documents or things of a specified type or nature, when a subset of such information and/or documents or things will provide the requested information.

5.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent that they call for legal conclusions or analysis by Petitioner's counsel in order to identify responsive information, documents, or things.

6.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent that they would require Petitioner to produce documents or things in violation of an applicable foreign law or regulation.

7.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent that they call for documents or things that are not within the possession, custody, or control of Petitioner or to the extent that they seek documents or things that may not be produced pursuant to a protective order or non-disclosure agreement.

8.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent they request that Petitioner create or produce documents or things that Petitioner does not maintain in the ordinary course of its business, or to the extent they request that Petitioner create or produce documents or things in a

3

particular format or at a particular level of detail that Petitioner does not maintain in the ordinary course of its business.

9.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent that they call for production of documents or things that are publicly available or equally available to Respondent, and therefore are of no greater burden for Respondent to obtain than for Petitioner to obtain.

10.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent that they seek documents or things protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, or protection, including without limitation in connection with the common interest doctrine (collectively, as used here, "privileged").  Nothing contained in these responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine. Petitioner does not intend to produce privileged information or documents or things that would divulge any privileged information.  Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

11.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent that they are vague, ambiguous, or confusing due to Respondent's failure to define terms and/or failure to describe the documents or things sought with reasonable particularity.

12.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent that they call for documents or

things not relevant, material, and/or necessary in the prosecution or defense of this Action or not proportional to the needs of the Action.

13.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent that they include factual characterizations by Respondent.  By responding, Petitioner does not accept or admit to the truth or accuracy of Respondent's factual characterizations.

14.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent that they are not limited as to time, or to the extent that the time period specified encompasses time periods not relevant to the Action, or to the extent that the requests are not limited in geographic scope.

15.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent they call for a privilege log that is not in accordance with the applicable rules and regulations and/or the parties' mutual agreement.

16.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent that they require producing and/or logging in a privilege log documents and information protected from disclosure by the attorney-client privilege and/or work-product doctrine, created after the date on which Petitioner first filed the Petition in this Action.  Petitioner's objection is made subject to the applicable rules and regulations and any agreements or stipulations between the parties governing discovery.

17.    Petitioner objects to Respondent's First Set of Requests for Production, and the instructions and definitions that accompany them, to the extent that they alter the plain meaning of any specific request, on the ground that such alteration renders the request vague, ambiguous, overly broad, and/or unduly burdensome.

## OBJECTIONS TO DEFINITIONS

1.     Petitioner objects to the definition of "Communication," and to any Requests for Production incorporating that term, as vague, ambiguous, overly broad, unduly burdensome, and not in accordance with the term's ordinary meaning to the extent that the term is defined to include transmission of information or data that do not involve two or more parties.  Petitioner further objects to the definition on the same grounds to the extent that it is defined to include transmissions of information or data with no expressive element or value.

2.     Petitioner objects to the definition of "DCT," "Petitioner," "You," and "Your," and to any Requests for Production incorporating any of those terms, as vague, ambiguous, overly broad, and unduly burdensome to the extent that those terms are defined to include third parties. Petitioner provides these responses exclusively on its own behalf and does not purport to speak for others.

3.     Petitioner objects to the definition of "Document," and to any Requests for Production incorporating that term, as vague, ambiguous, overly broad, and unduly burdensome to the extent that the term is defined to include "any item within . . . caselaw interpreting" Federal Rule of Civil Procedure 34(a)(1).

4.     Petitioner objects to the definition of "Person," and to any Requests for Production incorporating that term, as vague, ambiguous, overly broad, and unduly burdensome to the extent that it does not define "entity."

## OBJECTIONS TO INSTRUCTIONS

1.     Petitioner objects to the Instructions to the extent that they purport to impose requirements beyond those specified in the applicable rules and regulations.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

All Documents and Communications concerning any Person's actions to direct, cause, or authorize—or attempt to direct, cause, or authorize—the filing of the Petition on behalf of DCT.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Petitioner incorporates by reference its General Objections.  Petitioner objects to this Request on the basis that discovery is premature before the Court rules on DCT's pending petition to confirm arbitration awards or otherwise orders that discovery may be taken.

Petitioner objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "*All* Documents and Communications concerning *any* Person's actions," including insofar as the term "concerning" is not defined (emphasis added).  Petitioner objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "direct, cause, or authorize—or attempt to direct, cause, or authorize—the filing of the Petition on behalf of DCT," particularly to the extent that the terms "attempt," "direct," "cause," and "authorize" are not defined and it encompasses information irrelevant to any claim or defense in this Action.  Petitioner objects to this Request to the extent that it seeks information already within Respondent's knowledge or equally or more easily available to Respondent than to Petitioner.  Petitioner objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Petitioner is willing to meet and confer with Respondent on this Request after the Court has ruled on the Petition or otherwise orders that discovery may be taken.

7

**REQUEST FOR PRODUCTION NO. 2:**

All Documents and Communications concerning any Person's authority, whether actual or purported, to direct, cause, or authorize the filing of the Petition on behalf of DCT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Petitioner incorporates by reference its General Objections. Petitioner objects to this Request on the basis that discovery is premature before the Court rules on DCT's pending petition to confirm arbitration awards or otherwise orders that discovery may be taken.

Petitioner objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "*All* Documents and Communications concerning *any* Person's authority, whether actual or purported," including insofar as the terms "concerning" and "authority" are not defined (emphasis added). Petitioner objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "direct, cause, or authorize the filing of the Petition on behalf of DCT," particularly to the extent that the terms "direct," "cause," and "authorize" are not defined and it encompasses information irrelevant to any claim or defense in this Action. Petitioner objects to this Request to the extent that it seeks information already within Respondent's knowledge or equally or more easily available to Respondent than to Petitioner. Petitioner objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Petitioner is willing to meet and confer with Respondent on this Request after the Court has ruled on the Petition or otherwise orders that discovery may be taken.

8

**REQUEST FOR PRODUCTION NO. 3:**

All Documents and Communications concerning any actual or purported authority of Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel") to file the Petition or otherwise to act on behalf of DCT, including but not limited to any engagement letters, powers of attorney, or board resolutions reflecting such authority.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Petitioner incorporates by reference its General Objections.  Petitioner objects to this Request on the basis that discovery is premature before the Court rules on DCT's pending petition to confirm arbitration awards or otherwise orders that discovery may be taken.  Petitioner objects to this Request as duplicative of Request for Production No. 2.

Petitioner objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "***All*** Documents and Communications concerning ***any*** actual or purported authority," including insofar as the terms "concerning" and "authority" are not defined (emphasis added).  Petitioner objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "or otherwise to act on behalf of DCT," particularly to the extent that it encompasses information irrelevant to any claim or defense in this Action.  Petitioner objects to this Request to the extent that it seeks information already within Respondent's knowledge or equally or more easily available to Respondent than to Petitioner.  Petitioner objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Petitioner is willing to meet and confer with Respondent on this Request after the Court has ruled on the Petition or otherwise orders that discovery may be taken.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents and Communications concerning the appointment of Chantal Tadoral as provisional administrator for DCT, including but not limited to all Documents and Communications reflecting DCT's notice or knowledge of such appointment (including, for the avoidance of doubt, notice to or knowledge of DCT's present or former directors, officers, managers, employees, agents, attorneys, or other Persons acting, or purporting to act, on its behalf).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Petitioner incorporates by reference its General Objections.  Petitioner objects to this Request on the basis that discovery is premature before the Court rules on DCT's pending petition to confirm arbitration awards or otherwise orders that discovery may be taken.

Petitioner objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "***All*** Documents and Communications concerning . . . , including but not limited to ***all*** Documents and Communications reflecting," including insofar as the terms "concerning" and "reflecting" are not defined (emphasis added).  Petitioner objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "or other Persons . . . purporting to act[] on its behalf."  Petitioner objects to this Request to the extent that it seeks information already within Respondent's knowledge or equally or more easily available to Respondent than to Petitioner.  Petitioner objects

10

to this Request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Petitioner is willing to meet and confer with Respondent on this Request after the Court has ruled on the Petition or otherwise orders that discovery may be taken.

**REQUEST FOR PRODUCTION NO. 5:**

All Documents and Communications concerning Chantal Tadoral's role, responsibilities, or authority, whether actual or purported, to take, direct, cause, or authorize actions on DCT's behalf.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Petitioner incorporates by reference its General Objections.  Petitioner objects to this Request on the basis that discovery is premature before the Court rules on DCT's pending petition to confirm arbitration awards.

Petitioner objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "***All*** Documents and Communications concerning Chantal Tadoral's role, responsibilities, or authority, whether actual or purported," including insofar as the terms "concerning" and "authority" are not defined (emphasis added).  Petitioner objects to this Request as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "take, direct, cause, or authorize actions on DCT's behalf," particularly to the extent that the terms "take," "direct," "cause" and "authorize" are not defined and it encompasses information irrelevant to any claim or defense in this Action. Petitioner objects to this Request to the extent that it seeks information already within

11

Respondent's knowledge or equally or more easily available to Respondent than to Petitioner. Petitioner objects to this Request to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Petitioner is willing to meet and confer with Respondent on this Request after the Court has ruled on the Petition or otherwise orders that discovery may be taken.

Dated: New York, New York
January 10, 2022

**Quinn Emanuel Urquhart & Sullivan, LLP**

By:    Dennis H. Hranitzky
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, Utah 84121
(801) 515 7300 Main Office Number
(801) 515 7400 Fax

Debra O'Gorman
Jianjian Ye
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000 Main Office Number
(212) 849-7100 Fax

*Counsel for Petitioner Doraleh Container Terminal SA*

12