# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

DORALEH CONTAINER TERMINAL SA,

*Petitioner*,

v.

REPUBLIC OF DJIBOUTI,

*Respondent*.

Case No. 1:20-cv-02571-TFH

**PETITIONER'S OBJECTIONS AND RESPONSES TO RESPONDENT'S
FIRST SET OF INTERROGATORIES TO PETITIONER (NOS. 1-5)**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Petitioner Doraleh

Container Terminal SA ("**DCT**") objects and responds as follows to the First Set of Interrogatories

(Nos. 1-5) served by Respondent Republic of Djibouti ("**Djibouti**").

The responses herein reflect only the present state of DCT's knowledge, information, and

belief regarding the Requests.  Petitioner reserves the right to add, modify, or otherwise change or

amend its objections and/or responses.  Petitioner reserves all objections and other questions as to

the competency, relevance, materiality, privilege, or admissibility of Petitioner's responses and

any document or thing identified or provided in response to Respondent's First Set of Requests for

Production in any proceeding or trial in the above-captioned action (the "**Action**") or any other

action for any purpose whatsoever.

Petitioner's objections and responses, as well as the provision of information or production

of documents in response to any Interrogatory, are not an admission or indication that such

information and documents are relevant to any legal theory, or that any of the legal terms used

have any applicability in their legal sense to any information or documents produced by Petitioner

in response to the interrogatories.

Any response that indicates that Petitioner will provide information should not be construed to mean that responsive information in fact exists; only that, if such relevant, non-privileged, non-objectionable information exists, is in Petitioner's possession, custody, or control, and is located after a reasonable search of the location or locations where responsive information is likely to be located, such information will be produced in a timely manner.

**GENERAL OBJECTIONS**

Petitioner makes the following general objections to Respondent's First Set of Interrogatories, which apply to each Interrogatory regardless of whether the general objections are specifically incorporated into the specific objections and responses below.

1.      Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent they are inconsistent with or seek to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the District of Columbia, the Court's Standing Orders, any other applicable rule or regulation, or any agreement or stipulation between Petitioner and Respondent.

2.      Petitioner objects to Petitioner's First Set of Interrogatories on the basis that discovery is premature before the Court rules on DCT's pending petition to confirm arbitration awards (the "**Petition**") or otherwise orders that discovery is permitted in this proceeding.

3.      Petitioner objects to Petitioner's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent that they are vague, ambiguous, overly broad, unduly burdensome, incomprehensible, compound, duplicative, cumulative, fail to identify the information sought with reasonable particularity, call for speculation, or seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, as overly broad, unduly burdensome, cumulative, and

duplicative to the extent that they seek "any," "each," "every," or "all" information and/or documents or things of a specified type or nature, when a subset of such information and/or documents or things will provide the requested information.

5.      Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent that they call for legal conclusions or analysis by Petitioner's counsel in order to identify responsive information, documents, or things.

6.      Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent that they would require Petitioner to produce information in violation of an applicable foreign law or regulation.

7.      Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent that they call for information that is not within the possession, custody, or control of Petitioner or to the extent that they seek information that may not be disclosed pursuant to a protective order or non-disclosure agreement.

8.      Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent they request that Petitioner create or produce information that Petitioner does not maintain in the ordinary course of its business, or to the extent they request that Petitioner create or produce information in a particular format or at a particular level of detail that Petitioner does not maintain in the ordinary course of its business.

9.      Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent that they call for production of information that is publicly available or equally available to Respondent, and therefore is of no greater burden for Respondent to obtain than for Petitioner to obtain.

10.    Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent that they seek information protected from disclosure by the attorney-client privilege, work-product doctrine, common-interest privilege, and/or any other applicable privilege, immunity, or protection, including without limitation in connection with the common interest doctrine (collectively, as used here, "privileged").  Nothing contained in these responses should be considered a waiver of any attorney-client privilege, work-product protection, or any other applicable privilege or doctrine.  Petitioner does not intend to produce privileged information or documents or things that would divulge any privileged information.  Any such disclosure is inadvertent and shall not be deemed a waiver of any applicable privilege or immunity.

11.    Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent that they are vague, ambiguous, or confusing due to Respondent's failure to define terms and/or failure to describe the information sought with reasonable particularity.

12.    Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent that they call for information not relevant, material, and/or necessary in the prosecution or defense of this Action or not proportional to the needs of the Action.

13.    Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent that they include factual characterizations by Respondent.  By responding, Petitioner does not accept or admit to the truth or accuracy of Respondent's factual characterizations.

4

14.     Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent that they are not limited as to time, or to the extent that the time period specified encompasses time periods not relevant to the Action, or to the extent that the requests are not limited in geographic scope.

15.     Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent they call for a privilege log that is not in accordance with the applicable rules and regulations and/or the parties' mutual agreement.

16.     Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent that they require producing and/or logging in a privilege log documents and information protected from disclosure by the attorney-client privilege and/or work-product doctrine, created after the date on which Petitioner first filed the Petition in this Action.  Petitioner's objection is made subject to the applicable rules and regulations and any agreements or stipulations between the parties governing discovery.

17.     Petitioner objects to Respondent's First Set of Interrogatories, and the instructions and definitions that accompany them, to the extent that they alter the plain meaning of any specific request, on the ground that such alteration renders the request vague, ambiguous, overly broad, and/or unduly burdensome.

## OBJECTIONS TO DEFINITIONS

1.     Petitioner objects to the definition of "DCT," "Petitioner," "You," and "Your," and to any interrogatories incorporating any of those terms, as vague, ambiguous, overly broad, and unduly burdensome to the extent that those terms are defined to include third parties.  Petitioner provides these responses exclusively on its own behalf and does not purport to speak for others.

5

2. Petitioner objects to the definition of "Person," and to any interrogatories incorporating that term, as vague, ambiguous, overly broad, and unduly burdensome to the extent that it does not define "entity."

**OBJECTIONS TO INSTRUCTIONS**

1. Petitioner objects to the Instructions to the extent that they purport to impose requirements beyond those specified in the applicable rules and regulations.

**INTERROGATORIES**

**INTERROGATORY NO. 1:**

Identify each Person with knowledge about the decision to file the Petition on behalf of DCT, and for each such Person specify and describe what that Person knows about the decision to file the Petition on behalf of DCT.

**RESPONSE TO INTERROGATORY NO. 1:**

Petitioner incorporates by reference its General Objections. Petitioner objects to this Request on the basis that discovery is premature before the Court rules on DCT's pending petition to confirm arbitration awards or otherwise orders that discovery may be taken.

Petitioner objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "Identify each Person with knowledge," particularly to the extent that the number of "Person[s]" and the nature and degree of "knowledge" are not specified. Petitioner objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "specify and describe what that Person knows about the decision to file the Petition on behalf of DCT," particularly to the extent that "Person" is defined to include third parties and that "know[ledge] about the decision" encompasses information irrelevant to any claim or defense in this Action.

6

Petitioner objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Petitioner is willing to meet and confer with Respondent on this Interrogatory after the Court has ruled on the Petition or otherwise orders that discovery may be taken.

**INTERROGATORY NO. 2:**

Identify each Person who directed or caused the Petition to be filed on behalf of DCT, and for each such Person specify and describe the material factual and legal bases supporting that Person's authority or capacity to direct or cause the filing of the Petition on behalf of DCT.

**RESPONSE TO INTERROGATORY NO. 2:**

Petitioner incorporates by reference its General Objections. Petitioner objects to this Request on the basis that discovery is premature before the Court rules on DCT's pending petition to confirm arbitration awards.

Petitioner objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "Identify each Person who . . . caused the Petition to be filed on behalf of DCT," particularly to the extent that the term "caused" is not defined and it encompasses information irrelevant to any claim or defense in this Action. Petitioner objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "specify and describe the material factual and legal bases supporting that Person's authority or capacity to direct or cause the filing of the Petition on behalf of DCT," particularly to the extent that it calls for legal speculation, the terms "authority," "capacity," "direct," and "cause" are not defined, and it

7

encompasses information irrelevant to any claim or defense in this Action.  Petitioner objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Petitioner is willing to meet and confer with Respondent on this Interrogatory after the Court has ruled on the Petition or otherwise orders that discovery may be taken.

**INTERROGATORY NO. 3:**

Identify each Person who directed or caused Quinn Emanuel Urquhart & Sullivan, LLP ("Quinn Emanuel"), to file the Petition, and for each such Person specify and describe the material factual and legal bases on which such Person had the authority or capacity to direct or cause Quinn Emanuel to file the Petition on behalf of DCT.

**RESPONSE TO INTERROGATORY NO. 3:**

Petitioner incorporates by reference its General Objections.  Petitioner objects to this Request on the basis that discovery is premature before the Court rules on DCT's pending petition to confirm arbitration awards or otherwise orders that discovery may be taken.

Petitioner objects to this Interrogatory as duplicative of Interrogatory No. 2.  Petitioner objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "Identify each Person who . . . caused Quinn Emanuel Urquhart & Sullivan, LLP . . . to file the Petition," particularly to the extent that the term "caused" is not defined and it encompasses information irrelevant to any claim or defense in this Action.  Petitioner objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, calling for speculation, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "specify and

8

describe the material factual and legal bases on which such Person had the authority or capacity to direct or cause Quinn Emanuel to file the Petition on behalf of DCT," particularly to the extent that it calls for legal speculation, the terms "authority," "capacity," "direct," and "cause" are not defined, and it encompasses information irrelevant to any claim or defense in this Action. Petitioner objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Petitioner is willing to meet and confer with Respondent on this Interrogatory after the Court has ruled on the Petition or otherwise orders that discovery may be taken.

**INTERROGATORY NO. 4:**

State what actions, if any, Chantal Tadoral took in connection with the Petition, and for each such action, specify and describe the material facts and legal grounds supporting your response.

**RESPONSE TO INTERROGATORY NO. 4:**

Petitioner incorporates by reference its General Objections. Petitioner objects to this Request on the basis that discovery is premature before the Court rules on DCT's pending petition to confirm arbitration awards.

Petitioner objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "State what actions . . . Chantal Tadoral took in connection with the Petition," particularly to the extent that the terms "actions" and "in connection with" are not defined and it encompasses information irrelevant to any claim or defense in this Action. Petitioner objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, calling for speculation,

9

and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "specify and describe the material facts and legal grounds supporting your response," particularly to the extent that it calls for legal speculation and encompasses information irrelevant to any claim or defense in this Action.  Petitioner objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Petitioner is willing to meet and confer with Respondent on this Interrogatory after the Court has ruled on the Petition or otherwise orders that discovery may be taken.

**INTERROGATORY NO. 5:**

State whether Chantal Tadoral authorized Quinn Emanuel to represent DCT before the London Court of International Arbitration ("LCIA") in LCIA arbitration number 142732, and if so specify and describe the material facts and legal grounds supporting your response.

**RESPONSE TO INTERROGATORY NO. 5:**

Petitioner incorporates by reference its General Objections.  Petitioner objects to this Request on the basis that discovery is premature before the Court rules on DCT's pending petition to confirm arbitration awards.

Petitioner objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence for using the phrase "State whether Chantal Tadoral authorized Quinn Emanuel," particularly to the extent that the term "authorized" is not defined and it fails to specify whether Chantal Tadoral was acting in a personal or official capacity.  Petitioner objects to this Interrogatory as vague, ambiguous, overly broad, unduly burdensome, calling for speculation, and not reasonably

10

calculated to lead to the discovery of admissible evidence for using the phrase "specify and describe the material facts and legal grounds supporting your response," particularly to the extent that it calls for legal speculation and encompasses information irrelevant to any claim or defense in this Action.  Petitioner objects to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, work product doctrine, and/or other applicable privilege or protection.

Subject to and without waiving the foregoing objections, Petitioner is willing to meet and confer with Respondent on this Interrogatory after the Court has ruled on the Petition or otherwise orders that discovery may be taken.

Dated: New York, New York
January 10, 2022

**Quinn Emanuel Urquhart & Sullivan, LLP**

By: _____

Dennis H. Hranitzky
2755 E. Cottonwood Parkway, Suite 430
Salt Lake City, Utah 84121
(801) 515 7300 Main Office Number
(801) 515 7400 Fax

Debra O'Gorman
Jianjian Ye
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000 Main Office Number
(212) 849-7100 Fax

*Counsel for Petitioner Doraleh Container Terminal SA*

11