**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

DORALEH CONTAINER TERMINAL SA,

          Petitioner,

    -against-

REPUBLIC OF DJIBOUTI,

          Respondent.

Case No.: 1:20-cv-02571(TFH)

**PETITIONER'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF PETITION
AND IN OPPOSITION TO RESPONDENT'S MOTION TO COMPEL**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ....................................................................................................1

PROCEDURAL AND FACTUAL BACKGROUND....................................................................2

ARGUMENT..................................................................................................................................4

I.      THE PETITION IS RIPE FOR RESOLUTION PURSUANT TO THE FAA. ..................4

      A.      The Petition Is Ripe For Resolution On Its Merits. ................................................4

      B.      The Republic Cannot Convert The Confirmation Proceeding Into Full-Scale Litigation By Filing An Answer.......................................................................6

II.     THE MOTION TO COMPEL SHOULD BE DENIED OR STAYED.............................8

      A.      The FAA's General Rule Against Discovery Requires The Dismissal Of The Motion To Compel. ........................................................................................8

      B.      The Republic Fails To Demonstrate That Its Discovery Requests Are Relevant And Necessary. ......................................................................................10

      C.      The Discovery Requests Are Objectionable. .........................................................13

      D.      The Republic's Failure To Meet And Confer In Good Faith Warrants Dismissal Of The Motion to Compel..................................................................14

CONCLUSION.............................................................................................................................15

## TABLE OF AUTHORITIES

### Cases

*12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Bd.*,
  316 F. Supp. 3d 22 (D.D.C. 2018) ........................................................................ 15

*Abbot GmbH & Co. KG v. Yeda Res. & Dev. Co.*,
  576 F. Supp. 2d 44 (D.D.C. 2008) ........................................................................ 15

*Adem v. Bush*,
  No. CIV. A. 05-723 RWR AK, 2006 WL 1193853 (D.D.C. Apr. 28, 2006) ..................... 12, 13

*In re Arb. Between Trans Chem. Ltd. & China Nat'l Mach. Imp. & Exp. Corp.*,
  978 F. Supp. 266 (S.D. Tex. 1997) ........................................................................ 12

*ARMA, S.R.O. v. BAE Sys. Overseas, Inc.*,
  961 F. Supp. 2d 245, 261 (D.D.C. 2013) ........................................................... 10, 11

*Booth v. Fletcher*,
  101 F.2d 676, 683 (D.C. Cir. 1939) ...................................................................... 13

*Belize Bank Ltd. v. Gov't of Belize*,
  191 F. Supp. 3d 26 (D.D.C. 2016) ........................................................................ 10

*Calbex Mineral Ltd. v. ACC Res. Co.*,
  No. 2:13-cv-00276 (W.D. Pa.) ......................................................................... 8, 12

*Chevron Corp. v. Ecuador*,
  795 F.3d 200 (D.C. Cir. 2015) ............................................................................. 11

*Commissions Import Export S.A. v. Republic of the Congo*,
  No. 1:13-cv-00713 (D.D.C.) ................................................................................ 7

*Ellipso, Inc. v. Mann*,
  460 F. Supp. 2d 99 (D.D.C. 2006) ........................................................................ 15

*Empresa Constr. Contex Limitada v. Iseki, Inc.*,
  106 F. Supp. 2d 1020 (S.D. Cal. 2000) .......................................................... 9, 10, 11

*English v. Washington Metro. Area Transit Auth.*,
  323 F.R.D. 1 (D.D.C. 2017) ................................................................................ 15

*Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petroleum Corp.*,
  397 F. Supp. 3d 323, 347 (S.D.N.Y. 2019) ............................................................ 11

*Frere v. Orthofix, Inc.*,
  No. 00 CIV. 1968 (MHD), 2000 WL 1789641 (S.D.N.Y. Dec. 6, 2000) ..................... 11, 12

*Glob. Gaming Philippines, LLC v. Razon*,
  No. 21-CV-02655(LGSSN), 2021 WL 4219690 (S.D.N.Y. Sept. 16, 2021) ................. 9, 11

*Hall St. Assocs., L.L.C. v. Mattel, Inc.*,
  552 U.S. 576 (2008) ........................................................................................... 9

*Imperial Ethiopian Gov't v. Baruch-Foster Corp.*,
  535 F.2d 334 (5th Cir. 1976) ................................................................................. 6

*ISC Holding AG v. Nobel Biocare Fin. AG*,
   688 F.3d 98 (2d Cir. 2012).................................................................................. 8

*Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*,
   791 F.2d 1334 (9th Cir. 1986) ........................................................................... 11

*Lyeth v. Chrysler Corp.*,
   929 F.2d 891 (2d Cir. 1991)................................................................................ 9

*N.L.R.B. Union, Loc. 6 v. Fed. Lab. Rels. Auth.*,
   842 F.2d 483 (D.C. Cir. 1988) ............................................................................ 7

*O.R. Sec., Inc. v. Professional Planning Assocs., Inc.*,
   857 F.2d 742 (8th Cir. 1988) .............................................................................. 9

*PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*,
   19 F.4th 308 (3d Cir. 2021) ............................................................................ 5, 8

*Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*,
   962 F.3d 576 (D.C. Cir. 2020)......................................................................... 5, 8

*Revere Copper & Brass Inc. v. Overseas Priv. Inv. Corp.*,
   628 F.2d 81 (D.C. Cir. 1980).............................................................................. 8

*Samra v. Shaheen Bus. & Inv. Grp., Inc.*,
   355 F. Supp. 2d 483 (D.D.C. 2005) .................................................................... 7

*Sebold v. Sebold*,
   444 F.2d 864 (D.C. Cir. 1971)............................................................................ 7

*Sequip Participacoes S.A. v. Marinho*,
   No. 15-23737-MC, 2018 WL 10593629 (S.D. Fla. Nov. 19, 2018), *amended*, No. 15-
   23737-MC, 2019 WL 8301064 (S.D. Fla. Feb. 26, 2019)................................... 11

*Teamsters Local 177 v. United Parcel Serv.*,
   966 F.3d 245 (3d Cir. 2020)............................................................................. 6, 8

*TermoRio S.A. E.S.P. v. Electranta S.P.*,
   487 F.3d 928 (D.C. Cir. 2007) ........................................................................... 5

*United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*,
   202 F. Supp. 3d 1 (D.D.C. 2016) ...................................................................... 16

*United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*,
   456 F. Supp. 2d 46 (D.D.C. 2006)..................................................................... 15

*Vantage Deepwater Co. v. Petrobras Am., Inc.*,
   966 F.3d 361 (5th Cir. 2020) .............................................................................. 6

*In re W.A.R. LLP*,
   No. 11-00044, 2012 WL 2847826 (Bankr. D.D.C. July 11, 2012)........................ 13

*Watermill Ventures, Ltd. v. Cappello Capital Corp.*,
   No. 2:14-CV-08182-CAS, 2015 WL 251895 (C.D. Cal. Jan. 5, 2015), *aff'd*, 671 F.
   App'x 492 (9th Cir. 2016). .................................................................................. 6

*Wichard v. Suggs*,
  95 F. Supp. 3d 935 (E.D. Va. 2015) ............................................................... 6, 13

## Statutory Authorities

9 U.S.C. §§ 1-16 ........................................................................................................ 1

9 U.S.C. § 6 ............................................................................................................ 5, 8

28 U.S.C. § 1608(a)(1) ............................................................................................. 3

28 U.S.C. § 1608(a)(3) ............................................................................................. 3

28 U.S.C. § 1608(a)(4) ............................................................................................. 3

28 U.S.C. § 1608(c)(1) ............................................................................................. 3

28 U.S.C. § 1608(d) ................................................................................................. 7

## Rules and Regulations

D.D.C. L. Civ. R. 7(m) ........................................................................................... 15

Fed. R. Civ. P. 26 ..................................................................................................... 9

Fed. R. Civ. P. 26(a)(1)(B) ...................................................................................... 9

Fed. R. Civ. P. 26(a)(1)(B)(f)(1) ............................................................................. 8

Fed. R. Civ. P. 26(a)(1)(B)(ix) ................................................................................ 8

Local Rule 7(m) .................................................................................................. 2, 15

Petitioner Doraleh Container Terminal SA ("**DCT**" or "**Petitioner**")[1] respectfully submits this Memorandum of Law in further support of its Petition to confirm and enforce two arbitration awards (the "**Petition**") and in opposition to Respondent Republic of Djibouti's (the "**Republic**") motion to compel discovery (Doc. No. 31) (the "**Mem.**").

## PRELIMINARY STATEMENT

This case follows an all too familiar pattern: a struggling foreign state invited an investor to partner with it to help modernize its antiquated infrastructure—in this case, a container terminal at the Port of Djibouti. After having invested hundreds of millions of dollars and decades of hard work, and just as the revitalized terminal was becoming profitable, the Republic reneged on its promises of exclusivity and stopped paying royalties to its investor. After an arbitration panel in London ruled against the Republic and ordered it to pay at least $485 million in damages to DCT for breach of contract, the Republic began a campaign of delay, resorting to one tactic after another to prevent DCT from recovering its damages. In its latest gambit, the Republic is seeking to disrupt the streamlined mechanisms for enforcing arbitration awards provided for in the Federal Arbitration Act (the "**FAA**"), 9 U.S.C. §§ 1-16, by replying to the Petition with an unauthorized Answer (rather than the required motion response) and then embarking on an improper foray into discovery and this motion to compel. The Court should reject these latest attempts to stall and prevent DCT from obtaining recovery that is long overdue.

Cutting through the noise, the threshold question presented to this Court is simple: whether it is obliged to follow the FAA's explicit mandate to resolve the Petition as a fully-submitted motion, or whether it should permit deviation from the FAA's general rule and allow the Republic to halt this straightforward enforcement proceeding with burdensome discovery requests. For the

---

[1] Capitalized terms, unless otherwise defined, shall have the meanings as provided in the Petition.

following reasons, the Court should adjudicate the Petition on its merits and deny (or, in the alternative, stay) the motion to compel.

*First*, the FAA requires that this Court treat the pending Petition as a motion which is now ripe for resolution. The Republic cannot convert this confirmation proceeding into a full-scale litigation based on a tortured reading of the parties' stipulation, which in no way supersedes the explicit text of the governing federal statute.

*Second*, the FAA's general rule against discovery in confirmation proceedings prohibits discovery here because the discovery sought could and should have been requested during the arbitration proceeding. Moreover, the Republic has failed to point to any authority to establish the relevance and necessity of its discovery requests which go to the authority of Quinn Emanuel Urquhart & Sullivan, LLP ("**Quinn Emanuel**") to pursue claims on behalf of DCT; the only document it relies upon—a purported declaration—is wholly self-serving. Indeed, the issue of Quinn Emanuel's authority to act on behalf of DCT has no bearing on this Court's ability to confirm the arbitration awards under the FAA and need not be addressed by the Court.

*Third*, the Republic's discovery requests are overbroad and unduly burdensome and were undertaken without the benefit of the standard court-supervised discovery plan, which will inevitably cause further delay and leave it entirely to the Republic to determine not only the scope and timing of discovery, but also the progress of the ultimate resolution of this case.

*Fourth*, the motion to compel should be denied because the Republic has failed to meet and confer in good faith to narrow the areas of disagreement before filing the motion, as required by Local Rule 7(m).

## PROCEDURAL AND FACTUAL BACKGROUND

On September 14, 2020, DCT filed the Petition. Dkt. No. 1; Declaration of Debra O'Gorman (the "**O'Gorman Decl.**") ¶ 1.

On November 26, 2020, DCT served the Republic in accordance with the parties' contractual arrangement pursuant to 28 U.S.C. § 1608(a)(1). O'Gorman Decl. ¶ 3. The Republic challenged the validity of the service and sought dismissal of the Petition. *Id.* ¶ 4. While that motion was pending, DCT requested the Clerk of Court to dispatch service documents via DHL to the Republic to effectuate service under 28 U.S.C. § 1608(a)(3). *Id.* ¶ 5, 6. However, the Republic *twice* refused delivery of the DHL package. *Id.* ¶ 6. After being informed of the Republic's refusal, counsel for the Republic also declined the request to instruct its client to accept the DHL package from the Clerk of Court. *Id.*

DCT then effectuated service through diplomatic channels under 28 U.S.C. § 1608(a)(4). *Id.* ¶ 7. Although the Republic purported to again "refuse" service, *id.* ¶ 7, this was invalid because transmission of service documents via diplomatic channels is deemed effective service. 28 U.S.C. § 1608(c)(1).

Recognizing its inability to dodge service any longer, and facing the prospect of default because the time to respond to the Petition had already passed, the Republic entered into a stipulation in which it agreed to respond to the Petition by November 22, 2021. O'Gorman Decl. ¶ 8. By then, a whole year had been lost from the date on which DCT first served the Petition without a single substantive step being taken in these proceedings.

On November 22, 2021, the Republic filed an answer with affirmative defenses (the "**Answer**") to the Petition. *Id.* ¶ 10. On December 10, 2021, without notice or prior discussion, the Republic served its First Set of Requests for Production and First Set of Interrogatories (the "**Discovery Requests**") on DCT. *Id.* ¶ 11. The Discovery Requests seek a broad range of documents, including many privileged documents, concerning Quinn Emanuel's status as counsel and authority to act on behalf of DCT. *Id.* ¶ 11; Dkt. Nos. 31-2, 31-3.

On January 5, 2022, DCT met and conferred with the Republic and pointed out that the Answer is not contemplated by the FAA, and that its Discovery Requests are improper and premature. O'Gorman Decl. ¶¶ 12, 13. The Republic's counsel insisted that they were aware of other cases in this District that proceeded in this manner, but were not able to provide such authorities on the call, or in response to follow-up emails. *Id.* ¶ 13–15. In the absence of a response, DCT filed a letter on January 21, 2022, advising this Court of the impropriety of the Republic's Answer and Discovery Requests, and requesting that the Court rule on the Petition "on its merits." Dkt. No. 30-1 ("**DCT Ltr.**"); O'Gorman Decl. ¶ 15.

On February 3, 2022, counsel for the Republic emailed counsel for DCT, stating its intent to move to compel discovery and asking whether DCT would oppose such motion. O'Gorman Decl. ¶ 16. The parties then had a brief telephone call during which this same issue was discussed. *Id.* ¶ 17. Later that day, DCT confirmed that it would oppose the forthcoming motion to compel, while noting its willingness "to review and consider any authorities that [counsel for the Republic] contend supports your client's entitlement to discovery." *Id.* ¶ 18. Two hours later, with no further discission, the Republic filed the instant motion to compel. Dkt. No. 31; O'Gorman Decl. ¶ 18.

## ARGUMENT

**I.    THE PETITION IS RIPE FOR RESOLUTION PURSUANT TO THE FAA.**

### A.    The Petition Is Ripe For Resolution On Its Merits.

DCT has previously asked the Court to treat the Petition as a motion under the FAA and resolve it "on its merits." Dkt. No. 30-1 at 2. The Petition is effectively unopposed because the Republic squandered its chance to file a proper opposition, and instead filed an answer that is not provided for under the FAA. *Id.* at 1-2. Even if the Answer were deemed a proper response, DCT asked the Court to rule on the Petition because it has been fully submitted. *Id.* at 2-3.

4

The Republic does not, and cannot, dispute that the Petition must proceed as a motion under the explicit language of Section 6 of the FAA.  *See* 9 U.S.C. § 6 ("Any application to the court [under the FAA] shall be made and heard in the manner provided by law ***for the making and hearing of motions***, except as otherwise herein expressly provided." (emphasis added)); *Process & Indus. Devs. Ltd. v. Fed. Republic of Nigeria*, 962 F.3d 576, 585 (D.C. Cir. 2020) ("[T]he initial filing of the party seeking confirmation must be treated as a motion rather than a pleading."); *see also TermoRio S.A. E.S.P. v. Electranta S.P.*, 487 F.3d 928, 940 (D.C. Cir. 2007) ("[M]otions to enforce arbitral awards should proceed under motions practice, not notice pleading.").   The Republic also implicitly concedes that the Petition is fully submitted, because it acknowledges that it has utilized its one and only opportunity to respond to the Petition.  Mem. at 2 ("Respondent's timely answer was [an] authorized and appropriate" response to the Petition).[2]

In any event, the Republic only advances ***one*** reason why the Petition is not ripe for resolution—that it needs discovery.  Mem. at 3.  However, an alleged need for discovery is not a valid basis to delay the adjudication of a fully-submitted motion on its merits.  Quite the contrary, "the summary proceedings that result from an FAA motion to confirm or vacate an arbitration award are 'not intended to involve complex factual determinations, other than a determination of the limited statutory conditions for confirmation or grounds for refusal to confirm.'"  *PG Publ'g, Inc. v. Newspaper Guild of Pittsburgh*, 19 F.4th 308, 314 (3d Cir. 2021) (quoting *Teamsters Local 177 v. United Parcel Serv.*, 966 F.3d 245, 252 (3d Cir. 2020)).  While the Republic could have raised its purported need for discovery in an opposition to the Petition, it "cannot freeze the

---

2   The Republic asks for a second bite of the apple by asking for leave to file ***another*** response to the Petition.  Mem. at 3 n.1.  Notwithstanding the potential prejudice to DCT, DCT does not oppose the Republic's request for leave in the interest of the expedited resolution of the Petition, provided that DCT is afforded a reasonable amount of time to reply.

confirmation proceedings in their tracks and indefinitely postpone judgment by merely requesting discovery." *Vantage Deepwater Co. v. Petrobras Am., Inc.*, 966 F.3d 361, 372-73 (5th Cir. 2020) (quoting *Imperial Ethiopian Gov't v. Baruch-Foster Corp.*, 535 F.2d 334, 337 (5th Cir. 1976)).  In fact, the Court's consideration of the merits of the Petition is likely to moot, or at least severely limit, the permissible scope of discovery.  *See Wichard v. Suggs*, 95 F. Supp. 3d 935, 948 (E.D. Va. 2015) (***denying*** motion to stay pending discovery in light of the decision to confirm the arbitration award); *Watermill Ventures, Ltd. v. Cappello Capital Corp.*, No. 2:14-CV-08182-CAS, 2015 WL 251895, at *12 (C.D. Cal. Jan. 5, 2015) (***denying*** motion for discovery in conjunction with denial of motion to vacate), *aff'd*, 671 F. App'x 492 (9th Cir. 2016).

**B.      The Republic Cannot Convert The Confirmation Proceeding Into Full-Scale Litigation By Filing An Answer.**

Although not explicitly stated in its motion, the Republic also hints at the argument that its Answer has the effect of converting this confirmation proceeding into a full-scale litigation with discovery and motion practice.  *See* Mem. at 2-3.  Nevertheless, clear statutory text and binding Circuit authorities defeat this argument.

The Republic first argues that its Answer was a proper response because the parties "agreed" in a scheduling stipulation that it may "answer or otherwise respond to the Petition."  Mem. at 2 (quoting Dkt. No. 26 ¶ 8 (Oct. 27, 2021 Stipulation)).  The Republic's tortured reading of the stipulation takes it out of its context—the Petition was filed under the FAA.  By stipulating that the Republic "will answer or otherwise respond to the Petition . . . within 60 days after the parties received [notice of service of the Petition]," DCT simply extended the Republic the professional courtesy of an extension because the statutory deadline for the Republic to respond to the Petition had already passed.  28 U.S.C. § 1608(d); O'Gorman Decl. ¶ 9.  DCT agreed that the Republic's responsive papers would be due in November 2021; it did not take a position on the propriety of

6

the form of the Republic's forthcoming submission, let alone agree to vary the streamlined procedure required by the FAA.  Dkt. No. 25 at 3.  Since the Petition was filed under the FAA, it is the Republic (or its counsel)'s responsibility to observe the requirements of the governing statute and determine the form of response permitted by the applicable law.  It failed to do so.  In any event, the Republic's self-serving interpretation of the stipulation cannot alter the recognition proceeding framework mandated by the FAA.  *See N.L.R.B. Union, Loc. 6 v. Fed. Lab. Rels. Auth.*, 842 F.2d 483, 485 n.6 (D.C. Cir. 1988) (courts are "free to ignore" stipulations as to "a matter of law and not fact"); *see also Sebold v. Sebold*, 444 F.2d 864, 870 n.8 (D.C. Cir. 1971) ("Since this is a question of law, . . . the agreement of counsel is not binding on this court."); *Samra v. Shaheen Bus. & Inv. Grp., Inc.*, 355 F. Supp. 2d 483, 495 n.8 (D.D.C. 2005) (the parties' erroneous interpretation of law "does not give the Court any reason to eschew the choice of law analysis").

To escape the FAA's statutory mandate, the Republic next argues that respondents in other confirmation proceedings have filed answers, instead of motion responses, to petitions brought under the FAA.  Mem. at 2.  But that is beside the point—neither of the two cases cited by the Republic held that a respondent may elect at its will to ignore the express dictate of the FAA and treat a petition brought thereunder as a pleading.  The cases cited by the Republic (only one of which is from this Circuit) are also procedurally distinguishable.  In *Commissions Import Export S.A. v. Republic of the Congo*, No. 1:13-cv-00713 (D.D.C.), the petitioner had filed a motion for default judgment as to the petition and the respondent had simultaneously filed a motion to vacate the judgment.  *See id.*, Dkt. No. 12 (motion for default judgment as to petition); Dkt. No. 16 (granting the motion for default judgment and confirmation of arbitral award); Dkt. Nos. 23, 24 (motion to vacate the judgment and answer simultaneously filed).  *Calbex Mineral Ltd. v. ACC*

7

*Resources Co.*, No. 2:13-cv-00276 (W.D. Pa.), was commenced by the filing of a ***complaint*** to confirm a foreign arbitral award, which itself was procedurally improper. *See id*., Dkt. No. 1.[3]

Merely citing two inapposite cases where answers were ***erroneously*** filed without opposition in response to petitions to confirm does not excuse the Republic's noncompliance with the FAA here. *See ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 112 (2d Cir. 2012) ("Since filings in the present proceeding can only be 'made and heard in the manner provided by law for the making and hearing of ***motions*,'** 9 U.S.C. § 6 (emphasis added), Nobel could not have filed an answer here, any more than ISC could have filed a complaint.").

## II.    THE MOTION TO COMPEL SHOULD BE DENIED OR STAYED.

### A.    The FAA's General Rule Against Discovery Requires The Dismissal Of The Motion To Compel.

The motion to compel should be denied because FAA confirmation proceedings simply do not provide for discovery, as a general rule. *See Process & Indus. Dev.*, 962 F.3d at 586 ("discovery . . . [is] ***more the exception than the rule***" (emphasis added)); *PG Publ'g*, 19 F.4th at 314 ("the summary proceedings that result from an FAA motion to confirm or vacate an arbitration award are 'not intended to involve complex factual determinations'" (quoting *Teamsters Local 177*, 966 F.3d at 252)); *Revere Copper & Brass Inc. v. Overseas Priv. Inv. Corp.*, 628 F.2d 81, 83 n.1 (D.C. Cir. 1980) ("Allowing undue challenges to arbitration awards would defeat the finality and speedy dispute resolution expected of the arbitration procedure."). This is consistent with the Federal Rules of Civil Procedure, which do not even contemplate discovery in confirmation proceedings. Fed. R. Civ. P. 26(a)(1)(B) (exempting "an action to enforce an arbitration award"

---

[3]    The parties in *Calbex* committed an additional procedural error of holding a Rule 26(f) conference and filing a Rule 26(f) report despite the Rule's clear dictate that parties seeking to enforce an arbitration award are exempt from an initial conference. *See Calbex Mineral Ltd. v. ACC Res. Co.*, No. 2:13-cv-00276 (W.D. Pa.), Dkt. No. 11; Fed. R. Civ. P. 26(a)(1)(B)(ix), (f)(1).

from the obligation to provide initial disclosures), (f) (exempting "an action to enforce an arbitration award" from the cases in which a Rule 26 discovery conference and discovery plan are required).  The reasons for this are obvious.  The FAA and applicable Federal Rules recognize that discovery is not necessary or appropriate in determining whether an arbitration award should be confirmed in light of the limited and exclusive grounds for non-recognition.  *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 578 (2008) ("The Federal Arbitration Act (FAA) . . . provides expedited judicial review to confirm, vacate, or modify arbitration awards."); *O.R. Sec., Inc. v. Professional Planning Assocs., Inc.*, 857 F.2d 742, 745 (8th Cir. 1988) ("The policy behind section 6 [of the FAA] 'is to expedite judicial treatment of matters pertaining to arbitration.'" (citation omitted)); Notes of Advisory Committee on 2000 Amendments to Federal Rules of Civil Procedure, Fed. R. Civ. P. 26 ("New subdivision (a)(1)(E) excludes eight specified categories of proceedings from initial disclosure.  The objective of this listing is to identify cases in which there is likely to be little or no discovery, or in which initial disclosure appears unlikely to contribute to the effective development of the case.").

Recognizing that the confirmation proceeding "should not involve the relitigating of issues previously before the arbitral body," *Glob. Gaming Philippines, LLC v. Razon*, No. 21-CV-02655 (LGSSN), 2021 WL 4219690, at *2 (S.D.N.Y. Sept. 16, 2021), courts have consistently rejected a party's discovery requests where it could have but failed to raise them in the arbitration.  *See, e.g.*, *Lyeth v. Chrysler Corp.*, 929 F.2d 891, 898-99 (2d Cir. 1991) (affirming district court's denial of discovery requests where a party could have requested discovery during arbitration but failed to do so); *Empresa Constr. Contex Limitada v. Iseki, Inc.*, 106 F. Supp. 2d 1020, 1027 (S.D. Cal. 2000) (denying discovery requests where the party could have requested discovery during arbitration but failed to do so).  "The discovery [the Republic] now seeks could have been

identified and pursued at the time of the arbitration." *Empresa Constr.*, 106 F. Supp. 2d at 1027 ("The principles of due diligence and waiver remain factors in the analysis whether supplemental discovery should be exceptionally permitted in this context."). Indeed, the Republic "identifies no obstacle that prevented it from" seeking discovery on this very issue three-and-a-half years ago when it was first brought to the arbitration panel's attention. *Id.*; Exhibit D to O'Gorman Decl. ("**Ex. D**") at 5 (Oct. 6, 2018 email from Quinn Emanuel to the arbitration tribunal). After the panel considered and addressed this issue, the Republic never asked the panel to reconsider its decision and chose to continue its non-participation in the arbitration.[4] Petition ¶¶ 21-23. "Any lost opportunity to be heard therefore was self-inflicted." *Belize Bank Ltd. v. Gov't of Belize*, 191 F. Supp. 3d 26, 39 (D.D.C. 2016). The Republic's attempt to relitigate the very issue that it had every opportunity to pursue during arbitration is "yet another delaying tactic that must be denied." *ARMA, S.R.O. v. BAE Sys. Overseas, Inc.*, 961 F. Supp. 2d 245, 261 (D.D.C. 2013). The Court cannot allow the Republic to continue to hold up this confirmation proceeding that has been stalled for more than 17 months, and "go on an unjustified fishing expedition on the mere chance that it might turn up more ammunition." *Id.*

**B.    The Republic Fails To Demonstrate That Its Discovery Requests Are Relevant And Necessary.**

Moreover, the Republic fails to justify its deviation from the well-settled rule against discovery by demonstrating that discovery here "is 'relevant and necessary to the determination of

---

[4]    The Republic cannot claim that it was not aware of this issue because it has been copied on all relevant correspondences. *See, e.g.*, Ex. D at 6 (copying Mr. Aboubaker Omar Hadi, Chairman of the DPFZA and CEO of PDSA). To the extent that the Republic argues that it was not afforded a reasonable opportunity to conduct discovery or present its case in the arbitration, such argument further demonstrates the need for this Court to resolve the merits of the Petition.

an issue raised by [the Petition].'"  *ARMA*, 961 F. Supp. 2d at 261 (quoting *Frere v. Orthofix, Inc.*, No. 00 CIV. 1968 (RMB) (MHD), 2000 WL 1789641, at *4 (S.D.N.Y. Dec. 6, 2000)).

The authority issue here is neither relevant nor necessary to the adjudication of the Petition because it has no bearing on the validity or enforceability of the arbitration awards.  *Chevron Corp. v. Ecuador*, 795 F.3d 200, 207 (D.C. Cir. 2015) (noting that "New York Convention provision setting forth ***exclusive*** grounds on which enforcement of an award may be refused") (emphasis added); *Lafarge Conseils Et Etudes, S.A. v. Kaiser Cement & Gypsum Corp.*, 791 F.2d 1334, 1338 (9th Cir. 1986) ("The [FAA] provides the ***exclusive*** grounds for challenging an arbitration award within its purview." (emphasis added)).  None of the enumerated grounds for non-recognition under the New York Convention exist, nor does the authority issue call into question this Court's jurisdiction over the Republic as a foreign sovereign.  Indeed, ***all*** of the cases the Republic relies on are distinguishable and none of them address an allegation of lack of authority.  *See, e.g.*, *Glob. Gaming Philippines*, 2021 WL 4219690, at *1 (***denying*** discovery regarding respondents' "anticipated defense against Plaintiff's attempt to enforce arbitration awards against" them); *Empresa Constr.*, 106 F. Supp. 2d at 1027 (***denying*** discovery request regarding the alleged violation of due process rights in arbitration); *Esso Expl. & Prod. Nigeria Ltd. v. Nigerian Nat'l Petroleum Corp.*, 397 F. Supp. 3d 323, 332, 347 (S.D.N.Y. 2019) (noting the court had permitted limited jurisdictional discovery ***requested by petitioners***); *Sequip Participacoes S.A. v. Marinho*, No. 15-23737-MC, 2018 WL 10593629, at *2 (S.D. Fla. Nov. 19, 2018) (noting the court had granted a request for jurisdictional discovery that was ***unopposed***), *amended*, No. 15-23737-MC, 2019 WL 8301064 (S.D. Fla. Feb. 26, 2019); *Calbex Mineral*, No. 2:13-cv-00276 (W.D. Pa.), Dkt. No. 11 (the parties ***stipulated*** to the scope and schedule of fact discovery); *In re Arb. Between Trans Chem. Ltd. & China Nat'l Mach. Imp. & Exp. Corp.*, 978 F. Supp. 266, 272, 303-06 (S.D.

11

Tex. 1997) (permitting limited discovery into the circumstances surrounding the production of a feasibility study during the arbitration); *Frere*, 2000 WL 1789641, at \*8 (permitting discovery regarding discussions about an arbitration requirement for a committee's resolution ***in a consolidated proceeding involving both a civil litigation and a vacatur proceeding***).

Unable to find any case law where a court permitted discovery into the authority of counsel to represent the award creditor in an FAA confirmation proceeding, the Republic attempts to salvage its case through a self-serving declaration from a "provisional administrator" named Chantal Tadoral who is located in Djibouti. Mem. at 7 ("Ms. Tadoral's declaration . . . rebuts . . . [the presumption that Quinn Emanuel has authority to act for DCT]"); *see* Dkt. No. 31-1 (the "**Tadoral Declaration**"). It is unclear whether Ms. Tadoral prepared the document herself or simply ***rubber-stamped a document written in English by the Republic's counsel.*** Additionally, Ms. Tadoral's authority to act on behalf of DCT is also in serious doubt, as the Tadoral Declaration concedes. Dkt. No. 31-1 ¶ 3. Ms. Tadoral was purportedly appointed following an ex parte petition by the Republic itself, to its own courts, which was decided in one day's time. Ex. D at 5. Indeed, the validity of her appointment is the subject of an ongoing challenge by DCT's shareholder, DP World Djibouti FZCO, in a Djiboutian court. Furthermore, she has never purported to revoke the authority that was properly granted to Quinn Emanuel over eight years ago.[5] At bottom, this document is insufficient to defeat the well-established "presumption . . . that an attorney at law who appears in regular manner on behalf of a party litigant has authority to do

---

[5]   Quinn Emanuel was duly authorized by DCT to act on its behalf and has been acting on its behalf since 2014, including participating in the London arbitration and seeking to enforce the resulting arbitration awards. *See In re W.A.R. LLP*, No. 11-00044, 2012 WL 2847826, at \*4 (Bankr. D.D.C. July 11, 2012) (holding that the records of counsel's appearance for a party in a related civil action constituted "overwhelming evidence" that counsel's appearance in the bankruptcy proceeding "was authorized"). Notably, the Republic has provided no evidence that the authority conveyed to Quinn Emanuel was validly revoked.

so." *Adem v. Bush*, No. CIV. A. 05-723 RWR AK, 2006 WL 1193853, at *3 (D.D.C. Apr. 28, 2006) (quoting *Booth v. Fletcher*, 101 F.2d 676, 683 (D.C. Cir. 1939)); *In re W.A.R. LLP*, No. 11-00044, 2012 WL 2847826, at *3 (Bankr. D.D.C. July 11, 2012) (***denying*** motion to compel discovery regarding an attorney's authority because the movant "c[ame] forward with no substantial proof in the form of countervailing evidence to rebut the presumption").

### C.  The Discovery Requests Are Objectionable.

Contrary to the Republic's assertion that the Discovery Requests are "narrow," the Discovery Requests are broad and burdensome, and "would needlessly protract a proceeding that is intended to be summary in nature, and thus defeat the purpose of the [arbitration]." *Wichard*, 95 F. Supp. 3d at 948.  For example, Request for Production No. 1 asks for "*[a]ll* Documents and Communications concerning ***any*** Person's actions to direct, cause, or authorize—or attempt to direct, cause, or authorize—the filing of the Petition on behalf of DCT" (emphasis added).  This request is overbroad and unduly burdensome, as the Republic did not even provide any definitions for vague and ambiguous words like "direct," "cause," and "authorize."

Additionally, many of the documents sought would be privileged because they relate to the circumstances of Quinn Emanuel's engagement and instruction.  Moreover, the Republic's intrusive Discovery Requests will also inevitably trigger local data security law issues and cause challenges associated with multi-jurisdictional discovery, because DCT is a Djiboutian corporation with shareholders located in Djibouti and the UAE.[6]  Moreover, the Republic might also seek to depose relevant witnesses if it is not satisfied with the document productions and interrogatory responses, further prolonging the discovery.  Indeed, the fact that there was never a

---

[6]  The U.K. General Data Protection Regulation might also be implicated because DCT first engaged Quinn Emanuel through its London office and potentially responsive documents are located in the U.K.

discovery plan imposed in this case makes it likely that the Republic will embark on an unsupervised fishing expedition, with no end in sight. The concern for delay is particularly acute here, because the arbitration awards have been outstanding for more than three years and this proceeding has been pending for nearly a year and half, yet the Republic keeps delaying this enforcement proceeding by raising collateral issues. *See supra* at 3-4. The delay must come to an end.[7]

### D.    The Republic's Failure To Meet And Confer In Good Faith Warrants Dismissal Of The Motion to Compel.

Local Rule 7(m) requires that "[b]efore filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel in a good-faith effort to determine whether there is any opposition to the relief sought and, if there is, to narrow the areas of disagreement." D.D.C. L. Civ. R. 7(m). The Republic ostensibly asked DCT whether it would oppose the motion to compel, but never made any "good-faith effort to . . . narrow the areas of disagreement." *Id.*; O' Gorman Decl. ¶ 16–19. The Republic's counsel's failure to comply with Local Rule 7(m) warrants dismissal of the motion to compel. *See e.g.*, *Ellipso, Inc. v. Mann*, 460 F. Supp. 2d 99, 102 (D.D.C. 2006) (denying motion to compel because counsel failed to "take 'real steps to confer'" and "discuss the anticipated motion" in accordance with Local Rule 7(m) (first quoting *United States ex rel. K & R Ltd. P'ship v. Mass. Hous. Fin. Agency*, 456 F. Supp. 2d 46, 52 (D.D.C. 2006); second quoting D.D.C. L. Civ. R. 7(m))); *Abbot GmbH & Co. KG v. Yeda Res. & Dev. Co.*, 576 F. Supp. 2d 44, 48 (D.D.C. 2008) (denying motion to compel under Local Rule 7(m) where the movant waited until the day of filing to call opposing counsel regarding the motion);

---

[7] Alternatively, if the Court determines that the Petition is not ripe for resolution or that limited discovery may be conducted at this juncture of the case, DCT respectfully requests that the Court direct the parties to confer in good faith to agree on a case schedule for the resolution of the Petition, and, if warranted, a discovery plan setting forth the appropriate timing and scope of discovery.

14

*12 Percent Logistics, Inc. v. Unified Carrier Registration Plan Bd.*, 316 F. Supp. 3d 22, 24 (D.D.C. 2018) ("[T]he court denies Plaintiffs' motion for failure to meet and confer as required by Local Rule 7(m)."); *English v. Washington Metro. Area Transit Auth.*, 323 F.R.D. 1, 25 (D.D.C. 2017) ("This Court routinely denies non-dispositive motions for failure to comply with Rule 7(m).").

The Republic has not demonstrated any real effort to diligently confer. DCT's counsel repeatedly requested that the Republic provide authority to demonstrate its entitlement to discovery. *See supra* at 4; O'Gorman Decl. ¶ 13–15. Yet the Republic stonewalled DCT for almost a month, and reached out regarding its planned motion to compel for the first time the day before it launched the motion. O'Gorman Decl. ¶ 16. Indeed, the Republic's outreach email did not address any of the substantive issues DCT repeatedly inquired about; it only sought to confirm that DCT would oppose a motion to compel, without ever specifying the grounds for the motion. *Id*. The Republic's conduct violates Rule 7(m)'s explicit mandate that the parties must confer "in a good-faith effort" to "narrow the areas of disagreement." D.D.C. L. Civ. R. 7(m). Even if the Republic was convinced that a meet and confer would be unfruitful, it "must still make a good-faith effort to confer." *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.*, 202 F. Supp. 3d 1, 6 (D.D.C. 2016). Here, it never did. Instead, it simply sought to "check" the meet and confer box by eliciting a statement from DCT's counsel that it would oppose a motion to compel without making any effort whatsoever to address the gating issue of its entitlement to any discovery. O'Gorman Decl. ¶ 19.

## CONCLUSION

For the reasons stated above, DCT respectfully requests that this Court deny or stay Djibouti's motion to compel and proceed to adjudicate the Petition on its merits.

DATED:  February 17, 2022

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: _____
    Dennis H. Hranitzky

    2755 E. Cottonwood Parkway, Suite 430
    Salt Lake City, UT 84121
    801-505-7300 Main Office Number
    801-515-7400 FAX

    Debra O'Gorman (*pro hac vice*)
    Jianjian Ye (*pro hac vice*)

    51 Madison Avenue, 22nd Floor
    New York, NY 10010
    212-849-7000 Main Office Number
    212-849-7100 FAX

16

**CERTIFICATE OF SERVICE**

On this 17th day of February 2022, I directed this document to be electronically filed with

the Clerk of the Court for the United States District Court for the District of Columbia by using

the Court's CM/ECF system, which will send notification of this filing to all counsel of record.


Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN, LLP

By: _____
    Dennis H. Hranitzky

      2755 E. Cottonwood Parkway, Suite 430
      Salt Lake City, UT 84121
      801-505-7300 Main Office Number
      801-515-7400 FAX

1