

**TADORAL CONSULTING**
*Expertise - Audit - Conseil*

Chantal TADORAL

Chartered Accountant
Auditor

Diplomed of ENC de Paris

Rue Clochette
BP. 4402 - Djibouti
Tél.  (+253) 21 34 11 67
      (+253) 21 34 43 00
Port. (+253) 77 87 19 50

Hargeisa city - Somaliland
Tél. (+252) 63 422 1040
E-mail:tadoralconsulting@yahoo.fr

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

DORALEH CONTAINER TERMINAL SA,

    Petitioner,

    v.

REPUBLIC OF DJIBOUTI,

    Respondent.

No. 1:20-cv-02571-TFH

### SECOND DECLARATION OF CHANTAL TADORAL

I, Chantal Tadoral, hereby declare as follows:

1.      My name is Chantal Tadoral.  I am over 18 years of age and a citizen and resident of the Republic of Djibouti.

2.      I am a chartered accountant and an auditor in Djibouti.  I am currently the managing director of Tadoral Consulting, an independent accounting firm based in Djibouti and Somaliland.  I hold a degree from ENC Paris (*Ecole Nationale de Commerce*), a French business school.  I am frequently appointed by Djiboutian courts to serve as an expert, a representative, or a provisional administrator in corporate and commercial disputes.

Audit - Expertise Comptable - Expertise Judiciaire
Commissariat aux Comptes - Commissariat aux Apports - Commissariat à la Fusion



3.      In this context, I was appointed by summary judgment of the President of the Djibouti District Court (*Tribunal de Première Instance de Djibouti*) dated September 27, 2018 to serve as the provisional administrator (*administrateur provisoire*) of Doraleh Container Terminal SA ("DCT"), a Djiboutian company. My appointment was decided upon the request of the Republic of Djibouti in light of a serious conflict between DCT's shareholders, namely the Republic of Djibouti (which became a majority shareholder of DCT upon a transfer of shares pursuant to Presidential Ordinance No. 2018-001/PRE, issued by the President of the Republic on September 9, 2018) and DP World Djibouti ("DP World"), that resulted in the paralysis of DCT as a company.

4.      My appointment as provisional administrator is a temporary, conservatory measure provided by, and ordered according to, the laws of Djibouti. Upon my appointment, and pursuant to those laws, the court granted me all powers that Djibouti law grants to corporate governing bodies, and declared my replacement of DCT's prior Board of Directors in all respects. To date, I remain fully and exclusively authorized by Djibouti law to direct DCT's affairs and exercise the former authority of DCT's Board of Directors. Both DP World and the prior Board of Directors of DCT are fully aware of my appointment and my authority over DCT. The Republic of Djibouti is also fully aware of my appointment and my authority over DCT, and does not control or otherwise direct my independent exercise of authority over DCT.

5.      DP World has initiated in Djiboutian courts two series of legal challenges to my appointment. In its first series of challenges, DP World—purporting to act on DCT's behalf through DCT's former, DP World☐appointed Chairman—petitioned the Djibouti District Court to reverse its appointment decision, and was authorized to apply for for accelerated summary judgment against the Republic of Djibouti. On November 15, 2018, the Djibouti District Court rejected DP World's application and confirmed my appointment. DP

World appealed that ruling. But on January 3, 2019, the Djibouti Court of Appeals (*Cour d'Appel de Djibouti*) affirmed my appointment. DP World appealed the Court of Appeals ruling to the Supreme Court of Djibouti (*Cour Suprême de Djibouti*). But on September 8, 2019, the Supreme Court dismissed DP World's appeal. DP World challenged that dismissal, but on February 27, 2020, the Supreme Court denied that challenge as well. This first series of unsuccessful challenges to my appointment and authority had been fully and finally resolved when the Petition was filed in this Court in DCT's name.

6. In 2021, DP World—this time recognizing my existing authority as provisional administrator, and so acting in DP World's own capacity—filed an application in Djibouti District Court against me, as DCT's provisional administrator, and against the Republic of Djibouti. That second challenge, though it engaged a different procedural mechanism, renews the same arguments that were resolved against DP World in the first challenge to my appointment. It also sought to have me removed as DCT's provisional administrator for alleged inadequate performance since my appointment. On February 23, 2022, the Djibouti District Court dismissed DP World's application. DP World appealed that ruling on March 23, 2022. That appeal remains pending, but has no present effect on my exclusive legal authority to manage DCT and authorize actions taken on its behalf.

7. I understand that Quinn Emanuel Urquhart & Sullivan LLP ("Quinn Emanuel") filed the petition for confirmation of arbitration awards in these proceedings, purportedly on behalf of DCT. Under Djiboutian law and by court order, I have sole authority to direct DCT's affairs. Yet Quinn Emanuel filed the petition without my knowledge or consent. I did not authorize Quinn Emanuel—or any other firm—to file the petition or to advise or represent DCT in these proceedings. I confirm that Quinn Emanuel had no authority to file the petition, and that Quinn Emanuel lacks authority to prosecute these proceedings on DCT's behalf.

8. On August 18, 2014, DP World, acting through its representatives on DCT's prior Board of Directors, authorized certain Quinn Emanuel attorneys to represent DCT in an arbitration dispute with the Republic of Djibouti. That 2014 authorization did not authorize Quinn Emanuel to file any petition before the U.S. District Court for the District of Columbia to confirm any arbitral awards, or to prosecute such a proceeding on DCT's behalf. Nor, under Djibouti law, did that prior authorization survive my appointment and replacement of the Board of Directors that executed it. In all events, and pursuant to my exclusive authority to direct DCT's affairs, I hereby revoke any such residual authority to the extent that it ever existed and otherwise would continue to exist.

9. On behalf of DCT, and as its sole authorized legal representative, I respectfully request that this proceeding be dismissed without prejudice as having been filed and prosecuted in DCT's name without authority.

10. I make this declaration in my capacity as provisional administrator of DCT and on DCT's behalf.

11. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed at Djibouti, Republic of Djibouti, on this 19 day of December, 2022.

CHANTAL TADORAL

Cabinet TADORAL Chantal
Rue Clochette B.P. 4402
DJIBOUTI
Tél. 21.35.00.57 - 77.87.19.50
e.mail: tadoralconsulting@yahoo.fr

4