# EXHIBIT C

**NOTIFICATION OF ORDER**

IN THE YEAR TWO THOUSAND EIGHTEEN

ON SEPTEMBER THIRTIETH


**AT THE REQUEST OF:**

**THE STATE OF DJIBOUTI**, represented by the Ministry of Budget, represented by MR. BODEH AHMED BODEH, Cité Ministérielle, Djibouti, Republic of DJIBOUTI, with address for service at the office of Maître MOUKHTAR GHALEB, Rue RAS MAKONNEN, BP 873, Tel. 35.87.70, residing in Djibouti.


**I, Maître ALI MOHAMED ALI,**

**Bailiff in DJIBOUTI, residing at 9, Avenue GEORGES CLEMENCEAU, Tel. 21.35.27.83, Fax 21.35.20.38, B.P. 3148, the undersigned,**


**SERVE AND DELIVER A COPY TO:**

**MRS. CHANTAL TADORAL, statutory auditor, being present at and speaking from:**

Her office and on her own name


[seal and signature: Cabinet TADORAL Chantal, Rue Clochette, BP 4402, Djibouti, Tel. 21.34.11.67/77.87.19.50]


Order **No. 72/18** dated **SEPTEMBER 27TH, 2018**, issued by the President of the Court of First Instance of DJIBOUTI, ruling in summary proceedings.


*WITH ALL RESERVES*

*Act of which I provided a copy to him after he signed the original with me.*

COST                                                                                                          COURT BAILIFF

[sela and signature: Mr. MOHAMD ALI, Bailiff, Republic of Djibouti]


Ex. C - Page 1

REPUBLIC OF DJIBOUTI                                    UNITY-EQUALITY-PEACE

**COURT OF FIRST INSTANCE**

**CIVIL CHAMBER**

**ORDER IN SUMMARY PROCEEDINGS**

**Case No. 72/18**
**Order n° 72/18 of 27/09/18**
**Year two thousand eighteen, twenty-seventh of November**

Us, **Madame NIMA MAHAMOUD NOUR**, President of the Court of First Instance of Djibouti, holding a hearing in summary proceedings in our office at the Palais de Justice, assisted by **Madame MANE IBRAHIM IDRISS**, Clerk of the Court, oath taken,

Have issued the following Order:

**BETWEEN**

**THE STATE OF DJIBOUTI**, represented by **MOKTAR GHALEB**,

Claimant,

                                                                    **APPEARING IN COURT,**

On one hand;

**AND**

**THE COMPANY DORALEH CONTAINER TERMINAL S.A**,

Defendant,

                                                                    **NOT APPEARING IN COURT,**

On the other hand;

Ex. C - Page 2

**Facts and Procedure**

The company Doraleh Container Terminal DCT, *société anonyme* with a capital of FD 23,674,000,000, was jointly created by the current Port Autonome International de Djibouti, now named PDSA, and the Group DP World Djibouti FZCO, subsidiary of the company DP World LTD, in order to build, manage and operate the Doraleh container terminal project. On October 30th, 2006, a concession agreement was entered into between the company DCT and the State of Djibouti. The company Port de Djibouti, majority shareholder, holds 66,66% of the shares, and the company DWPD, subsidiary of the company DP WORLD LTD, minority shareholder, holds 33.34% of the shares. In addition, terminal operations were subcontracted to DPWD under a management agreement dated December 6th, 2007.

On May 22nd, 2007, both shareholders of DCT signed a shareholders' agreement, which was terminated by PDSA in a letter dated July 28th, 2018.

On November 8th, 2017, the National Assembly voted Law No. 202/AN/17/7th on strategic infrastructure contracts, which allows the government to renegotiate or, if needed, to terminate, in whole or in part, any agreement on the design, completion, management or operating of strategic infrastructures when it believes that the contractual terms are detrimental to the fundamental interests of the Republic. The government then attempted to negotiate with the company DCT, but DCT rejected all proposed arrangements and decided to initiate arbitration proceedings against the Republic of Djibouti on the basis of the concession agreement.

In February 2018, the Board of Directors of the company DCT, which includes a director appointed by PDSA and two directors appointed by DPWORLD, authorized DCT to initiate legal or arbitration proceedings against the State.

Therefore, and considering DCT's rejection of any amicable solution, under Decree No. 2018-085/PRE of February 22nd, 2018, the government enforced the provisions of the November 8th, 2007 law, and terminated the concession agreement with immediate effect.

Moreover, on August 8th, 2018, PDSA convened a general meeting for September 9th, 2018, in order to make a determination on the potential dismissal of the directors appointed by DPWD. The latter, through its directors, Mr. Suhail Al Bana and Mr. Rag Sing Wallia, brought the case before a judge of the High Court of London who, by an order issued without all the parties present on August 31st, 2018, and notified to PDSA on September 4th, 2018, forbids Port de Djibouti from considering the shareholders' agreement as terminated and from dismissing the directors of DWPD.

By Order No. 2018-001/PRE dated September 9th, 2018, the Republic of Djibouti transferred the ownership of the shares held by Port de Djibouti SA in the capital of DCT to the State.

Once again, the directors of the company DPWD brought the case before the High Court of London and, by an order issued on September 14th, 2018, the judge of the London Court, in addition to the prohibitions included in this Order, forbade Port de Djibouti from taking any steps aiming to transfer its shares in DCT to any assignee who is not a party to the agreement included in DCT's Articles of

1

[initials]

Association, unless the assignee has committed to comply with and perform the provisions of this agreement by an act of adherence, as required under Article 11.1 of the Articles of Association.

The State of Djibouti, now a majority shareholder with 66,66% of DCT's shares, claims that DPWD's goal is to monopolize the powers in DCT and to abuse those powers in its own interest, at the expense of the corporate interest of the company, and requests that the judges in the summary proceedings recognize the disagreement between the shareholders of DCT SA and appoint a provisional administrator until the situation has stabilized.

Under the authorization of expedited proceedings No. 125/RAG/18 of September 26th, 2018, the State of Djibouti, represented by the Ministry of Budget, Bodeh Ahmed Bodeh, summons the company Doraleh Container Terminal SA, represented by Mr. Souhail Al Banna, to the hearing in summary proceedings on September 27th, 2018, in order that the Court may:

State and rule on the jurisdiction of the commercial court in compliance with Article 52 of the Articles of Association, and with Article 1131-1 of the new Code of Civil Procedure;

State and rule that the State of Djibouti is a shareholder of the company DCT SA under Order No. 2018-001/PRE of September 9th, 2018, and that there is a clear dispute between the shareholders of the company Doraleh Container Terminal SA;

Appoint a provisional administrator, as it may please the Court, with all the powers granted by the law to governing bodies, order the immediate enforcement of the decision notwithstanding any appeal or opposition, order that the company Doraleh Terminal Container pay the costs.

The company Doraleh Container, summoned to the hearing, did not appear.

During his pleadings, Mr. Ghaleb, attorney for the State of Djibouti, requested that the judge in summary proceedings be declared competent to rule on this dispute, emphasized that there is a complete disagreement between the shareholders of the company DCT, and therefore requested that a provisional administrator be appointed and granted the powers of governing bodies.

The case was taken under advisement on September 27th, 2018.


**Grounds of the Decision**

**Concerning the Jurisdiction of the Commercial Court Ruling in Summary Proceedings**

Whereas, Article 52 of the Articles of Association of the company Doraleh provides that "any dispute that may arise while the company is in operation or being liquidated, between the shareholders themselves about corporate matters, or between the shareholders and the company, will be submitted to arbitration proceedings under the Rules of the London Court of International Arbitration. The State and Djibouti State entities who are shareholders of the company explicitly waived any jurisdiction or performance privilege";

2

[initials]

Ex. C - Page 4

Whereas, under the abovementioned Article, the arbitration clause specifies that any dispute that may arise while the company is in operation or being liquidated, between the shareholders themselves about corporate matters, or between the shareholders and the company, will be settled under the Rules of the London Court of International Arbitration;

Whereas, the Articles of Association of the company defines a shareholder as any signatory of these Articles of Association who hold shares in the capital of the company and any individual to whom shares are issued or transferred in compliance with these Articles of Association and who signed an adherence agreement;

Whereas, the arbitration clause does not submit any dispute that may arise while the company is in operation or being liquidated, between a shareholder and the company, to the Rules of the London Court of International Arbitration;

Whereas, Article I 113-1 of the new Code of Civil Procedure provides that "the Commercial Chamber of the Court of First Instance has jurisdiction to rule on proceedings related to commercial companies, including disputes between partners or between the company and its partners or directors";

Whereas, in this case, the proceedings initiated by the State of Djibouti, majority shareholder, against the company DCT, do not fall under the area of jurisdiction of the Court of International Arbitration, since the arbitration clause did not consider this scenario;

Therefore, the claim of the State of Djibouti is admissible in the proceedings against the company DCT before the Commercial Chamber of the Court of First Instance ruling in summary proceedings, in compliance with the abovementioned references.

**Concerning the Appointment of a Provisional Administrator**

Whereas, Article L 362-a of the Code of Civil Procedure states that "the order in summary proceedings is an interim decision issued at the request of a party, the other party being present or summoned when the law grants the power to immediately order all necessary steps to a judge to whom the main claimant did not refer the dispute";

Whereas, under Article I 362-6 of the same Code, "the decision of summary proceedings will not cause any harm to the main claimant";

Whereas, under Order No. 2018-001/PRE of September 9th, 2018, the ownership of shares held by Port de Djibouti in the capital of the company DCT, majority shareholder, were transferred to the State, with the effect that the State became a majority shareholder of the company DCT;

Whereas, the Claimant in these proceedings claims that there is a serious disagreement between both shareholders of the company DCT, that is the State of Djibouti and the company DPWD, which may endanger the proper operation of the company if an external person, such as a court-appointed administrator, is not designated;

3
[initials]

Ex. C - Page 5

Whereas, the provisional administrator is a judicial agent called upon in case of serious corporate crisis resulting from dysfunctional governing bodies or from disputes between partners that may endanger the interests of the company;

Whereas, case law has established several conditions to be met for appointing a provisional administrator, including the impairment of the proper operation of the company and the existence of an imminent danger;

Whereas, since the transfer of the shares of Port de Djibouti in the company DCT to the State under Order 2018-001/PRE, two directors of the company DCT appointed by the company DPWD have initiated several proceedings before the High Court of London against the State of Djibouti, majority shareholder;

Whereas, the shareholder DPWD recently requested urgently that a judge of the High Court of London prohibit PDSA from taking any steps to aiming to transfer its shares in DCT to any assignee who is not already a party to the agreement including in the Articles of Association of DCT unless the assignee commits to comply with and perform the provisions of this agreement by an act of adherence, as required by Article 11.7 of the Articles of Association;

Whereas, it has been established, without further background, that there is a disagreement between both shareholders of the company DCT, that is the State of Djibouti, majority shareholder with 66.66% of the shares, and the company DPWD, with 33% of the shares, and that this misunderstanding could endanger the proper operation of the company DCT;

Whereas, in this case and considering the abovementioned reasons, it is critical to appoint a provisional administrator until the crisis between the shareholders can be resolved;

Whereas, it is therefore appropriate to appoint Mrs. Chantal Tadoral as provisional administrator with the duty to replace the governing bodies, and with all powers granted to these governing bodies by the law;

Whereas, the provisional administrator will replace the Board of Directors during the period necessary to resolve the crisis;

Whereas, the appointment of the administrator will be terminated by a request or order to this effect;

Whereas, there is no text setting the fees of the provisional administrator;

Whereas, those fees should take in consideration the complexity of the duties and the tasks assigned;

Whereas, it is appropriate, at the discretion of this Court, to set an amount of FD 400.000 per month as administrator fees from the date of this Order until the end of the assignment, to be paid from the funds available to the company DCT;

4

[initials]

Whereas, considering the urgency, we order the interim enforcement of this Order notwithstanding any appeal or opposition;

Whereas, we order the Defendant to pay for the costs;


## NOW, THEREFORE

The Commercial Chamber of the Court of First Instance, ruling in summary proceedings, in the presence of the Claimant and in the ex parte regarding the Defendant, and in first instance,

Considering the provisions of Articles I 113-1, I 362-1 et seq. of the Code of Civil Procedure, and Article 52 of the Articles of Association of the company Doraleh Terminal Container (DCT);

Declares that the Commercial Court has jurisdiction to rule in summary proceedings and issue a decision on this dispute;

Recognizes that there is a disagreement and a conflict between the shareholders that may endanger the proper operation of the company Doraleh Container Terminal (DCT);

Declares that the conditions for appointing a provisional administrator are met;

Thus appoints Mrs. Chantal Tadoral as provisional administrator with the powers that the law grants to governing bodies;

Declares that the provisional administrator will replace the Board of Directors until the crisis is resolved;

Sets the administrator fees at FD 400,000 per month starting from the date of this Order until the end of her assignment, to be paid from the funds available to the company DCT;

States that her assignment will end on request to or order of the Court;

Reminds that this Order is immediately enforceable, notwithstanding any appeal or opposition;

Orders the Defendant to pay for the costs.


**CLERK OF THE COURT**                                                    **PRESIDENT**
[signature]            [stamp and signature]                [signature]

5

Ex. C - Page 7



100 Park Avenue, 16th Fl

New York, NY 10017

www.consortra.com

STATE of NEW YORK      )
                       )                    ss:
COUNTY of NEW YORK    )

### *CERTIFICATE OF ACCURACY*

This is to certify that the attached document, "Ordonnance adm. provisoire (27.09.2018)" -- originally written in *French* -- is, to the best of our knowledge and belief, a true, accurate, and complete translation into *English*.

Dated: 2/3/2020

*Susannah Smith*
Susannah Smith
Project Manager
Consortra Translations

Sworn to and signed before ME
This 3rd day of February, 2020

*James G Mamera*
Notary Public

JAMES G MAMERA
Notary Public - State of New York
No. 01MA6157195
Qualified in New York County
My Commission Expires Dec. 4, 2022



Your
legal
translation
partner

New York, NY  |  Washington DC  |  Houston, TX  |  San Francisco, CA  |  Hong Kong