# EXHIBIT H

## DJIBOUTI COURT OF APPEALS IN THE NAME OF THE PEOPLE

### COMMERCIAL AND COMMERCIAL CHAMBER OF SUMMARY PROCEEDINGS

----------------------

### DECISION NO: 01/19 OF JANUARY 3RD, 2019

**CASE NO. 34/18**

**APPELLANT :**

- **DORALEH CONTAINER TERMINAL, S.A. (DCT)**, *represented by Mr. SUHAIL AL BANNA, with registered address at the office of MR. AYMAN SAID, Rue Bourhan Bey*

**With as counsel (Mr. AYMAN SAID)**

**RESPONDENT:**

- **THE STATE OF DJIBOUTI, represented by the Ministry of Budget, with registered address in the *Cité Ministérielle*, Djibouti**

**Represented by (Mr. GHALEB)**

**COMPOSITION OF THE COURT: DURING THE DEBATE**

**PRESIDENT:**    MRS. NIMA ALI WARSAMA

**ADVISORS:**    MRS. HAWA AHMED DINI

: MR. AHMED HALATO DETTA

**COURT CLERK: MR. SOULEIMAN ABDI GUIRREH**

**DURING THE  PRONOUNCEMENT:**

**PRESIDENT:**    MRS. NIMA ALI WARSAMA

**ADVISORS:**    MRS. HAWA AHMED DINI

: MR. AHMED HALATO DETTA COURT

**COURT CLERK:**  MR. SOULEIMAN ABDI GUIRREH

**AT THE PUBLIC HEARING OF: DECEMBER 17TH, 2018 ORDER:**
IN LAST RESORT, PRONOUNCED PUBLICLY AND SIGNED BY: MRS. NIMA ALI WARSAMA, FIRST PRESIDENT AND PRESIDENT OF THE CHAMBER BY MR. SOULEIMAN ABDI GUIRREH, HEAD COURT CLERK AND CLERK OF THE CHAMBER.

**Challenged ruling**: Order No. 80/18 from 15/11/2018, of the commercial chamber of the Tribunal of First Instance of Djibouti, ruling in summary proceedings.
**SUBJECT**: Motion to appoint a provisional administrator.

Considering, Order No. 72/18 of 27/09/2018, by which the commercial jurisdiction of the Court of First Instance ruling in summary proceedings has declared itself to have jurisdiction

Ex. H - Page 1

- noted the disagreement and conflict between the shareholders and the risk of interference with the proper operation of Doraleh Container Terminal - stated that the conditions for the appointment of a provisional administrator were met – designated Mrs. Chantal Tadoral, as provisional administrator with the powers conferred by law to the governing bodies [of the company] - stated that the provisional administrator will replace the board of directors for the time necessary to resolve the crisis - set the provisional administrator's fees at 400 000 FDJ per month from the date of the order until the end of her assignment, [this amount is to] be covered by the funds of DCT- stated that the administrator's mission will terminate by way of petition;

Considering, Order No. 80/18 of 15/11/2018 concerning the opposition, by which, the Commercial Chamber of the Tribunal, ruling in summary proceedings : - Rejected the nullity and inadmissibility claims submitted by the claimant for being unfounded - Confirmed the Summary Order No. 72/18 of 27/09/2018 - Ordered DCT to pay the State of Djibouti 1,000,000 FDJ as unrevoerable costs in accordance with Articles 362-1AL1 and 381-6 of the Code of Civil Procedure - ordered DCT, claimant to the opposition to pay the costs.

Considering, the summons served by the bailiff, dated 21/11/2018, at the request of DORALEH CONTAINER TERMINAL SA (DCT) , by which the Claimant summon[ed] the State of Djibouti, to appear before the Civil and Commercial Chamber of the Court of Appeal ruling in summary proceedings to - order to vary in all its provisions the order No. 80/2018 issued on 15/11/2018 - dismiss all the claims and pleadings submitted by the             State of Djibouti and orde it to pay all costs of the first instance and appeal proceedings;

The case is appealed before the Civil and Commercial Division of Summary Proceedings of the Court of Appeal;

Maître, AYMAN SAID, Counsel of DORALEH CONTAINER TERMINAL SA (DCT) , Appealnt, filed appeal pleadings on 29/01/2019;

Maître, Mouktar Ghaleb, Counsel to the State of Djibouti, replied with submissions filed on 6/12/2018;

Maître, AYMAN SAID, replied with recapitulative appeal pleadings filed on 17/12/2018;

The case is pending and being deliberated as of 3/01/2019.

The Civil and Commercial Division of the Court of Appeal ruling in summary proceedings and after deliberation in accordance with the law:

Considering that DORALEH CONTAINER TERMINAL SA (DCT) has appealed on November 19th, 2018 the Order No. 80/18 issued by the Commercial Chamber of the Court of First Instance, ruling in summary proceedings on 15/11/2018;

That this appeal is valid and made within the prescribed timeframe, and that it is thus declared admissible.

2

Ex. H - Page 2

*On the first ground of appeal, DORALEH CONTAINER TERMINAL SA (DCT) raises in limine litis the nullity of the summons initiating the proceedings and the order of September twenty-seventh, two thousand and eighteen (27/09/2018) appointing the provisional administrator, for non-compliance with the provisions of Article L. 362-3 of the new Code of Civil Procedure, for insufficient timeframes;*

Considering, that it should be recalled that the procedure followed in this case [is] the expedited summary proceeding provided for Article L. 362-2 paragraph 2 and not the ordinary summary proceeding, stated in the first paragraph of the same Article;

That the expedited summary proceeding is authorized in the case of a time-sensitive matters, that it is to be noted that the authorization to proceed with the expedited proceedings was granted to the State of Djibouti on 26/09/2018 for the following day, i.e. on 27/09/2018, within a short timeframe determined by the judge;

That the delay between the authorization signed on 26/09/2018 and the hearing scheduled for 27/09/2018 seems reasonable in the context of expedited proceedings, that the State of Djibouti, which obtained the right to serve summons in expedited summary proceedings, served summons by bailiff on 26/09/2018, to DORALEH CONTAINER TERMINAL SA (DCT) on the time and date fixed by the judge in his order No. 125/RAG/2018 dated 26/09/2018;

Considering the fact that DORALEH CONTAINER TERMINAL SA (DCT), summoned to the public prosecutor's office on 26/09/2018, could not be present at the hearing of the summary proceeding of 27/09/2018, and that the judge made his ruling the very same day, in no way leads to the nullity of the summons of 26/09/2018 and even less to the nullity of the order of 27/09/2018, as argued by DORALEH CONTAINER TERMINAL SA (DCT) in its appeal submissions;

That, therefore, this groundless defense will be dismissed and the appeal confirms the order on this point.

*On the appeal ground submitted by DORALEH CONTAINER TERMINAL SA (DCT) seeking to have the State of Djibouti declared inadmissible to initiate the legal action as it lacks the capacity to appoint a provisional administrator, and that it lacks the capacity to act as a shareholder;*

Considering that the law allows any person the right to take legal action to bring a claim before the judge, the person acting must have a legitimate interest in the success or rejection of his or her claim and standing to act;

That all those who can justify a direct and personal interest do have standing to act;

Considering that in this case, and pursuant to Presidential Order No. 2018-001/PRE dated 9/09/2018 ratified by Law No. 29/AN/18/8ème of the same date, the participation of the shareholder (PDSA) Port of Djibouti Société Anonyme in the share capital of (DCT) DORALEH CONTAINER TERMINAL SA was transferred to the State of Djibouti, (…) ;

3

Ex. H - Page 3

That by law the State of Djibouti has become the majority shareholder of the company DORALEH CONTAINER TERMINAL SA (DCT)  with 66% of the share capital;

It follows that the State of Djibouti has a legitimate and direct interest to initiate a legal action and to submit the claims it deems necessary, and [has the right] in particular to  appoint a provisional administrator in this case;

That the Claimant's allegations that the actions by the State of Djibouti are inadmissible for lack of standing will be dismissed as invalid and the challenged order will also be confirmed on this point for having declared the State of Djibouti admissible in its action.

*On the appointment of a provisional administrator;*

Considering, that the request for the appointment of an administrator may be requested in the event of serious problems preventing the proper operation of the company, in this case the company DCT;

Considering, that it is well known that the State of Djibouti is in open conflict with DP World, yet DCT is 33.34% owned by DP world Djibouti FZCO;

That DPWD has already brought the conflict between it and the State of Djibouti before the High Court in London;

That it is inconsistent for the appellant to challenge the request for the appointment of the provisional administrator;

That the appointment of a provisional administrator may in this case remedy the crisis DCT is going through;

That the challenged order will also be confirmed in this respect, that it is necessary to maintain the appointment of Mrs. Chantal Tadoral as provisional administrator with the duties laid down by order No. 72/18 of 27/09/2018 and confirmed by order No. 80/18 of 15/11/2018.

*On costs;*

That it is appropriate to uphold the sentence against DCT of DJ 1,000,000,000 in favour of the State of Djibouti.

That the costs will be paid by DCT, which has succumbed.

**For these reasons**

The Civil and Commercial Division of the Court of Appeal ruling in commercial summary proceedings, having heard both parties, and in last resort:
-    Declares the appeal admissible in the form in which it was filed;
-    Confirms Order No. 80/18 of 15/11/2018 in all its provisions

4

- Orders DCT to pay the costs.

**THE COURT CLERK**                                                           **THE PRESIDENT**
[Signature]                                                                   [Signature]



100 Park Avenue, 16th Fl

New York, NY 10017

www.consortra.com

STATE of NEW YORK       )
                        )                    ss:
COUNTY of NEW YORK    )

### *CERTIFICATE OF ACCURACY*

This is to certify that the attached document, "C-109" -- originally written in *French* -- is, to the best of our knowledge and belief, a true, accurate, and complete translation into *English*.

Dated: 2/3/2020

Sworn to and signed before ME
This 3rd day of February, 2020

*Susannah Smith*

Susannah Smith
Project Manager
Consortra Translations

Notary Public

JAMES G MAMERA
Notary Public - State of New York
No. 01MA6157195
Qualified in New York County
My Commission Expires Dec. 4, 2022



New York, NY  |  Washington DC  |  Houston, TX  |  San Francisco, CA  |  Hong Kong